PEARSON, Judge.
Leroy J. Blackwelder and Mary Louise Blackwelder, his wife, filed their complaint in the Circuit Court of Dade County, Florida, against Charles J. Bodner and prayed for the foreclosure of a certain deed which they alleged to be a mortgage. The defendant, Bodner filed a verified answer in which he alleged that the property was not subject to the claimed mortgage by reason of the fact that his predecessor in title had secured a judgment in the Civil Court of Record, in and for Dade County, Florida, and had thereafter in supplementary proceedings secured an order of a judge of the civil court of record which set aside and declared void the deed sought to be foreclosed. The legal title to the real estate upon which the foreclosure was prayed was in Bodner by virtue of a deed he received from the purchaser at a sale held upon levy of execution from the civil court of record.
A summary final decree for the defendant was entered upon the deposition of Leroy J. Blackwelder, the pleadings, exhibits and testimony in the court file of the civil court of record case. The plaintiffs appeal from this summary final decree and we reverse.
It appears from the record that the grantor of the deed sought to be foreclosed as a mortgage was D’Ercole Enterprises, a corporation. The deed was dated December 20, 1956. This company was, on May 29, 1957, sued in the civil court of record by Steelco of Miami, Inc. Judgment was secured in said suit on July 16, 1957. Thereafter, proceeding under section 55.55, Fla.Stat., F.S.A.,[1] Steelco secured an order from the civil court of record which held the conveyance from D’Er-cole to Blackwelder to be in fraud of creditors and further held that the deed was void. The court then set the deed aside and directed that levy should be made against the property. Pursuant to this order of the civil court of record the judgment sale was had and Steelco became the purchaser of the property involved. Subsequently Steelco conveyed to Bodner, who is the appellee here.
The summary final decree was in part as follows:
“4. Said deed from D’Ercole Enterprises, Inc. to Leroy J. Blackwelder, filed December 21, 1956 in Deed Book 4380, Page 450, aforesaid, was held to be without consideration and fraudulent to creditors of D’Ercole Enterprises, Inc. by prior Order and Judgment of the Civil Court of Record.
“5. The deed dated June 12, 1957, filed June 13, 1957, in official records *600 book 287, page 434, from Leroy J. Blackwelder and Mary Louise Black-welder, his wife, to Mary Louise Blackwelder, conveying Lots 13, 14 and IS of Block 78, above described was held to be without consideration, and was fraudulent to creditors of D’Ercole Enterprises, Inc. by prior Order and Judgment of the Civil Court of Record.
“6. Leroy J. Blackwelder has no legal or equitable interest in the property in question, and any such interest he may have had in said property he conveyed to his wife, Mary Louise Blackwelder.
“7. The judgment, the execution and the sale of the premises in question thereunder, taken as aforesaid in the Civil Court of Record, and the subsequent appeal, are dispositive of the issues' raised by the plaintiffs in this action and are res judicata and may not be collaterally attacked by these proceedings.”
The appellant has filed 9 assignments of error, number 7 of which is as follows:
“The Court erred in holding that the judgment of the Civil Court of Record referred to in Paragraph ‘C’ of said Decree was effective inasmuch as the Court had no jurisdiction over the subject matter or of the parties, so as to entitle it to accomplish’ that result.”
We find this assignment to be well taken. [The remaining assignments of error have been considered but no reversible error is found therein.]
The Civil Court • of Record in and for Dade County, Florida, is a statutory court.[2] A limitation upon the jurisdiction of the Civil Court of Record in and for Dade County, Florida, is provided by Article V, section 6 of the Constitution of the State of Florida, 26 F.S.A., which expressly states that the circuit courts shall have exclusive original jurisdiction in all cases in equity and “all actions involving the titles or boundaries of real estate, * * *.” This language[3] has been construed by the Supreme Court of Florida in Barrs v. State, 95 Fla. 75, 116 So. 28, to mean that where the necessary result of a judgment is that one party gains or the other party loses an interest in real estate, the circuit court has jurisdiction.
The powers granted to courts upon proceedings supplementary to execution unsatisfied by section 55.55 Fla.Stat, F.S.A.,[4] may not diminish the constitutional powers granted exclusively to the circuit courts. Therefore the order of judgment of the civil court of record, holding that the deed from D’Ercole to Black-welder to be void, was beyond the jurisdiction of that court; as such it was without legal effect and was not a bar to the present action by-Blackwelder to foreclose the deed as a mortgage.
However, it affirmatively appears from the summary final decree entered by the chancellor that he did not base his decision entirely -'upon the findings included in the paragraphs above quoted. Therefore it does not follow that the summary final decree is erroneous. Nevertheless, since it is apparent that the decree was entered under a misapprehension as to the effect of the order of the civil court of record, we reverse the summary final decree and return the cause to the trial judge for further proceedings not inconsistent with this opinion.
Reversed and remanded for further proceedings.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. “55.55 Proceedings supplementary; application of property to satisfaction of execution. — The judge may order any property of the judgment debtor not exempt from execution, in the hands of either himself or any other person or due to the judgment debtor, to be applied toward the satisfaction of the judgment debt.”

. Chap. 33, Ma.Stat., F.S.A.

. Actually Const. Art. 5, § 11, 26 F.S.A., was interpreted in the Barrs ease, supra, but the language construed is the same as that contained in the present amendment.

.See note 1, supra.