PEARSON, Judge.
The question presented on this appeal is whether the holder of a first mortgage encumbering a parcel of real property has standing to attack a judgment awarding *791 compensation to the owner of that property at the end of a condemnation suit.
Dade County brought eminent domain proceedings to secure from the owner of a parcel of land a portion approximately 15 feet wide for street widening purposes. The County properly made the mortgagee a party to the suit. But because of an error in the Sheriff’s Department, service of process was not properly made, and the mortgagee did not receive notice of the suit. The owners agreed with the County as to the value of the parcel to be taken, and upon stipulation of the owners and the County, the trial court entered a final judgment. The final judgment provided that the mortgagee was to receive an unspecified share of the award. It also directed the County to pay the agreed amount into the registry of the court. The County made payment as directed. After the mortgagee was served with a copy of the final judgment, it filed a motion to vacate that judgment. The motion recited the circumstances described above and prayed that the final judgment be set aside so that the mortgagee might file an answer “placing in issue the quantum of damages, the amount thereof to be awarded to said association as first mortgagee. * * * ” The tendered answer also prayed for attorneys’ fees. The motion did not contain an allegation that the failure to make effective service upon it was intentional or that the settlement of the cause had been made in bad faith. There is an allegation that “the award set forth in the Final Judgment is woefully inadequate”, but there is no allegation that this award would prejudice the mortgagee in any way, nor is there an allegation that the award is not sufficient to protect the security interest of the mortgagee. The trial judge entered an order denying the mortgagee’s motion after considering Florida case law and Chapter 73, Fla.Stat., F.S.A., and determining “that mortgagees, having no estate or interest in the land, have no standing to participate in the determination of its value.” The order also provided that the mortgagee might file an appropriate petition for apportionment of the award made by the final judgment. This appeal is from the order denying the mortgagee’s motion to vacate the final judgment.
The mortgagee relies upon Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 So. 886 (1942), as authority for the proposition that a mortgagee has a right to attack a judgment awarding compensation to the owners of real property in a condemnation suit if the mortgagee has not been served in accordance with statutory provisions. We conclude that the cited case does not stand for that proposition. In neither the Seaboard case nor in this case was the mortgagee given the notice required by statute. In the Seaboard case the mortgagee attempted to foreclose his mortgage on that portion of a parcel of land which had been condemned about a year before the foreclosure proceeding was instituted. The court held that the mortgagee was “only entitled to compensation from the [condemning] railway company to the extent of the impairment' of the security afforded by the lien * * 141 So. at 891. This holding was based on the principle that a mortgage is a specific lien on property; it is not a conveyance of legal title entitling a mortgagee to be treated as an owner. Florida, unlike some states, adheres to the mortgage lien theory in determining the rights of a mortgagee. It has therefore been held that a mortgagee has no estate or title to land taken by eminent domain; a mortgagee has rather a specific lien for the debt secured by the mortgaged property. Shavers v. Duval County, Fla.1954, 73 So.2d 684, 687; Investors Syndicate of America v. Dade County, Fla.App.1958, 98 So.2d 889.
We therefore hold that in the absence of an allegation that the amount awarded for the condemned parcel was so inadequate that it impaired the mortgagee’s security interest in the mortgaged land, a mortgagee has no standing to attack a judgment awarding compensation to the owner of that land in a condemnation suit. The *792 failure to serve the mortgagee in the eminent domain proceedings was error; but because it does not appear that the mortgagee’s security interest in the mortgaged property was impaired, the error was harmless. The order denying the mortgagee’^ motion to vacate judgment is affirmed.
Affirmed.