436 So.2d 424 (1983)
A-ONE DAHILL MOVING & STORAGE CO., INC., Appellant,
v.
The AMERICAN INSURANCE COMPANY, a Corporation, Appellee.
No. 83-694.
District Court of Appeal of Florida, Fourth District.
August 24, 1983.
Melvyn Trute of Melvyn Trute and Marvin I. Moss, P.A., Bay Harbor Islands, for appellant.
Mark D. Cohen of Britton, Cohen, Kaufman & Schantz, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
This non-final appeal has, as its genesis, a trial court order denying a motion to dismiss based on insufficient service of process. We reverse.
The instant corporate summons was served supposedly on the "office manager" of the domestic corporation which now appeals. Both parties spend time arguing about whether the served employee held himself out to be the office manager, was in *425 fact the office manager, or was merely the bookkeeper. However, under the facts of this case we do not believe it matters.
Section 48.081, Florida Statutes (1981), which governs service of process on corporations, must be strictly construed Carlon, Inc. v. Lindy's of Omni, Inc., 408 So.2d 243 (Fla. 4th DCA 1981). A reading of this statute directs that service be had upon the President, Vice President, or "other head of the corporation." Lacking the presence of all of the aforesaid, service may be effected on the cashier, the treasurer, the secretary or the general manager. In the absence of all of the above, then a director may be served and failing a director, any corporate officer or business agent will suffice.
There is only one of the foregoing categories that an "office manager"[1] might fit into under the facts presented here and that is "a general manager." Yet common understanding and usage distinguish the two. Thus, while an office manager might double as a general manager, or a corporate officer, anyone occupying such a dual role would have the burden of establishing it. Not only was no such proof adduced here, but to the contrary, proof established that the general manager was in fact a different person altogether and he was physically present on the premises when the summons was served.
We, therefore, hold that the term "office manager" used in this particular summons, fails to comply with Section 48.081. See Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971).
This cause is not without its irritations. Undoubtedly, the corporation was put on notice of the suit and it is sad the facts demonstrate a game of hide-and-seek with the process server of the kind that increasingly clutters up the time of the courts. Nonetheless, there can be but one result here, because no matter what the reason, proper service was not obtained.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] It is not even contended that a bookkeeper would qualify for service.