HERSEY, Judge.
KMR Designs, Ltd., appeals an order denying its motion to dismiss based upon improper service of process. We reverse.
Conflicting evidence was presented to the trial court as to whether the process server personally delivered the summons and complaint to the president of KMR Designs, Ltd., or whether it was delivered to another individual unrelated to that corporation, who soon after handed the summons and complaint to the president. The trial court on the record specifically declined to make a finding that process was served by handing the documents directly to the president.
Service of process on a corporation is accomplished as provided in Section 48.-081(1), Florida Statutes:
(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
*1231 (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
We have held that strict compliance with the statute is essential. Carlon, Inc. v. Lindy’s of Omni, Inc., 408 So.2d 243 (Fla. 4th DCA 1981). On numerous occasions we have held that service on a lesser agent of the corporation, without a showing that those above him in the corporate hierarchy were unavailable, was defective. See, e.g., Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971). See also A-One Dahill Moving & Storage Co. v. American Insurance Company, 436 So.2d 424 (Fla. 4th DCA 1983). Had the court made a finding that service of process was effected upon the president of the corporation in person, that finding would have been upheld as supported by substantial, competent evidence. Nonetheless, it is not the function of the appellate court to weigh the credibility of witnesses on matters of fact. In the absence of an appropriate finding of compliance with the statute the motion to dismiss should have been granted. Accordingly, we reverse.
REVERSED.
LETTS and WALDEN, JJ., concur.