DOWNEY, Judge.
Appellee, Donald Sayner, filed a complaint for damages against appellant, Sierra Holding, Inc., and directed that service of process be effected by serving Arthur Little, as registered agent, at 1155 N. Federal Highway, Ft. Lauderdale, Florida. The Sheriff’s Return reflects service on “Charles Drago an employee of defendant *240 corporation in compliance with F.S. 48.-081(3) for failure by the corporation to comply with F.S. 48.091.”
Appellee filed a motion to quash the attempted service on the grounds that Drago was not the resident agent of the defendant, nor an employee, nor one of the statutorily designated classes of persons enumerated for service of process in section 48.081, Florida Statutes (1984). While that motion was pending and awaiting a hearing, appellee obtained issuance of another alias summons to be served on Arthur Little, registered agent, at the same address. Once again, the Sheriff’s Return reflects service on an employee of the defendant corporation named Marvin Lieberman. The return contains the same printed language regarding compliance with section 48.081(3) for failure to comply with section 48.091, Florida Statutes (1984). The return also indicates the sheriff made four attempts to serve process at the corporation’s designated address and found no officer or agent present — so he “served Marvin Lieberman [Assistant Manager] as employee per 48.081.”
Prior to the hearing on the original attempted service appellant moved to quash this second attempted service on Lieberman. At the scheduled hearing on the first motion to quash the court apparently decided to hear both motions though the second motion was not noticed. In any event, the motion, or motions, were denied and appellant was directed to answer. This non-final appeal ensued.
In another suit against the same appellant, Sierra Holding, Inc. v. Sharp Electronics Corp., 436 So.2d 324 (Fla. 4th DCA 1983), involving a similar attempted service upon appellant via the same employee, Dra-go, we reversed an order upholding service on the ground the record showed he was not an employee.
An examination of the pertinent statutes, sections 48.081 and 48.091, shows that service upon an employee pursuant to section 48.081(3) may be resorted to when service cannot be made upon the agent registered under section 48.091, but in all events the person substituted for the registered agent must be an employee.
In the present case, the return shows the sheriff served Drago and Lieberman as employees. However, the affidavit of the vice-president of the appellant corporation states that neither one of them is or was an employee of the appellant corporation. That affidavit, which is uncontradicted in the record, rebuts the sheriff’s return that the named individuals were employees of appellant subject to service of process and requires that the motion to quash be granted.
Accordingly, we reverse the order appealed from and remand for further proceedings.
ANSTEAD, C.J., and HURLEY, J., concur.