505 So.2d 521 (1987)
Shirley RICHARDSON and William Richardson, Her Husband, Appellants,
v.
Charles Lloyd ALBURY, Charles B. Albury, Maxine F. Albury, His Wife, Psychiatric Hospital of Florida, Inc., F/K/a E.H.I. of Florida, Inc., D/B/a Horizon Hospital and Pinellas Emergency Mental Health Services, Inc., Appellees.
No. 86-2087.
District Court of Appeal of Florida, Second District.
March 25, 1987.
Rehearing Denied April 21, 1987.
Kirk S. Davis of Greene & Mastry, P.A., St. Petersburg, for appellants.
Leo H. Meirose, Jr. of Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, for appellees Pinellas Emergency Mental Health Services, Inc.
RYDER, Judge.
This is an appeal from the trial court's order granting a motion to quash service. We reverse.
The Richardsons brought an action for negligence against, among others, Pinellas Emergency Mental Health Services, Inc. (a Florida corporation), hereinafter referred to as PEMHS. The Richardsons elected to achieve service of process on PEMHS under subsection (3) of section 48.081, Florida Statutes (1985).[1]
On March 10, 1986, the Richardsons' attorney contacted the Department of State, Division of Corporations to ascertain the identity and address of the PEMHS registered agent. F. Dee Goldberg was listed as the registered agent, director and president of PEMHS. The address for service on the registered agent was the same as the address of PEMHS.
*522 On March 17, 1986, appellants' process server went to serve the registered agent for PEMHS at the address specified on the summons. It appears from the pleadings before us that a default was entered against PEMHS on April 8, 1986.[2] On May 13, 1986, PEMHS filed a motion to quash service of process alleging as grounds that it had been served at an improper time and that the associate director was not one of the proper individuals to be served under section 48.081.
Prior to a hearing on the motion, appellants filed the affidavit of the process server. His affidavit indicates the following: he arrived at the address specified on the summons at approximately 2:00 p.m. and was informed that the registered agent was "no longer with the corporation and had been gone for six weeks or more"; he was also informed that the principals of PEMHS were being reorganized; the process server then asked for the next person in charge and subsequently served the associate director of PEMHS. PEMHS countered with an affidavit from the associate director who was served. He admitted that he spoke with the process server on March 17 in the waiting room at PEMHS but stated "none of my job duties related to the accepting of service of process." He, however, confirmed that the process server had asked him who was next in charge since F. Dee Goldberg was no longer there. When the process server was told that the person next in charge was also not in, he asked the associate director who then was next in charge after that, and the associate director responded, "I told him that I guessed that I was." The associate director then stated in his affidavit that the summons was handed to him. He also stated that the process server did not ask for the names of the corporate officers of PEMHS.
Appellants also filed an affidavit of their attorney's secretary. The secretary stated in her affidavit that she had contacted the Division of Corporations in Tallahassee on three separate occasions in order to ascertain the identity of the registered agent of PEMHS. Her first contact with the Division was on March 10, 1986  one week before service was accomplished. The other two times, June 13 and June 16, 1986, were a few days prior to the hearing on the motion to quash service of process. On each occasion she was informed by the Division that PEMHS listed F. Dee Goldberg as its registered agent, director and president.
The trial court granted PEMHS' motion to quash service upon a finding that "the return of service [of the process server] is improper... ." This appeal timely followed.
"The purpose of service of process is to give a defendant proper notice that it is answerable to a plaintiff's claim, to advise the defendant as to the nature of that claim, and to afford the defendant an opportunity to defend against it." American Hospital of Miami, Inc. v. Nateman, 498 So.2d 444, 445 (Fla. 3d DCA 1986). This court has previously held that "sections 48.081 and 48.091 provide the exclusive means of effecting service of process on an active corporation, and these provisions must be strictly construed." Dade Erection Services, Inc. v. Sims Crane Service, Inc., 379 So.2d 423, 425 (Fla. 2d DCA 1980). Appellees argue that our holding in Dade Erection Services and the first district's holding in Southeastern Mail Transport, Inc. v. Amoco Oil Co., 402 So.2d 522 (Fla. 1st DCA 1981) should lead us to an affirmance of the trial court's order quashing service of process in the instant case. We disagree. Both of those cases concern the construction of subsection (1) of section 48.081. Subsection (1) requirements for proper service are much stricter and much more specific than the requirements for the alternative means of service of process under subsection (3).
In the instant case, under subsection (3), once the process server determined that PEMHS had not complied with section 48.091 *523 by keeping current its registered agent listing at the Department of State, Division of Corporations, subsection (3) explicitly states that the process server may achieve service of process "on any employee at the corporation's place of business." (Emphasis added). Appellants' process server did exactly that. In fact, he went one step further and served the person whom he was told was in charge at the time. We explicitly hold that the facts of this case constitute  as a matter of law  noncompliance with section 48.091, Florida Statutes, thereby authorizing appellants' process server to serve "any employee at the corporation's place of business."
Appellees urge upon us the case of Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985). The facts in Sierra Holding easily distinguish it from the facts in the instant case. In Sierra Holding, there was evidence that the person served in the absence of the registered agent was not an employee of the corporation. In addition, the registered agent filed an affidavit stating that he was only temporarily gone from the office. In the instant case, no evidence contradicts the fact that the person designated by the corporation as the registered agent, F. Dee Goldberg, was permanently gone  Goldberg was no longer with the corporation. In addition, no evidence contradicts the fact that the person served was an employee of PEMHS, rather, the affidavit of the person served confirms he was not only an employee of PEMHS but was the person in charge at the time and admits receipt of the summons.
As a matter of law, appellants' service of process upon PEMHS was proper. The trial court erred in granting the motion to quash service of process. Thus, we reverse and vacate the trial court's order and remand this matter to the trial court with instructions that the default previously entered against PEMHS be reinstated.[3]
Reversed and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] § 48.081(3), Fla. Stat. (1985), states:

"As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under section 48.091. However, if service cannot be made on a registered agent because of failure to comply with section 48.091, service of process shall be permitted on any employee at the corporation's place of business."
[2] Both parties filed an appendix in this appeal. Neither party included the default order in their appendix. An appendix is the proper substitute for the record in appeals reviewing nonfinal orders. Fla.R.App.P. 9.130(d), (e) and 9.220.
[3] It may appear that reinstatement of the default is a harsh disposition. It is not. The evidence is uncontroverted that PEMHS had notice of the claim against them. If the associate director did not timely notify the appropriate officers of PEMHS, PEMHS is still bound by the omission of its agent/employee. If PEMHS made a conscious decision that the service of process was improper, and chose to rely on that decision, then they cannot now be heard to complain.