# HOWARD v FLAXMAN

Case No. 87-289-AP

Eleventh Judicial Circuit, Dade County

August 31, 1989

## APPEARANCES OF COUNSEL

**Peter Strelkow,** Frank, Schmitt and Frank, P.A., for appellant.

**Jeffrey P. Shapiro,** Keith, Mack, Lewis, Allison and Cohen, for appellee.

Before TENDRICH, ESQUIROZ, GREENBAUM, JJ.

## OPINION OF THE COURT

ESQUIROZ, Judge.

Sam Flaxman sued Nicholas Farandatos, d/b/a The Brazil Hotel, and N.F. Riza, Inc., a domestic corporation. Flaxman had service of process effected on Farandatos individually, but had neither summons issue nor process served on N.F. Riza, Inc. Flaxman moved for the entry of default against both defendants, but the clerk entered a default against Farandatos only. The lower court, however, entered final

judgment in favor of Flaxman and against both defendants, and Flaxman promptly proceeded to record the judgment.

Flaxman then moved for proceedings supplementary to execution and to implead third party, alleging that at the time the judgment was recorded, N.F. Riza, Inc. owned certain real property in Dade County, to which his judgment attached as a valid lien. Flaxman alleged that subsequently, N.F. Riza's property became the subject of foreclosure proceedings, but that he was never joined as a lienholder in that action, and his lien was therefore not extinguished. By virtue of a certificate of title issued upon a foreclosure sale, title to the real property ended up in the name of Eugene J. Howard, whom Flaxman sought to implead in the lower court.

Pursuant to Florida Rule of Civil Procedure 1.540(b)(4), Howard filed a motion to vacate the judgment entered against N.F. Riza, Inc., on the grounds that since N.F. Riza, Inc., was never served with process, the lower court did not have personal jurisdiction over the corporate defendant, rendering the judgment against it void.[1] Flaxman filed an affidavit in opposition to the motion, asserting that Farandatos, who was personally served with process, was indeed the president, secretary, treasurer and a director of N.F. Riza, Inc. at the time of service. Flaxman argued that Farandatos was the appropriate individual to serve with process binding on N.F. Riza, Inc., insisting that by such process N.F. Riza, Inc. received actual notice of the action. The lower court granted Flaxman's motion for proceedings supplementary to execution and impleaded the titleholder, Eugene J. Howard. The lower court denied Howard's motion to vacate the judgment entered against N.F. Riza, Inc., and Howard appeals.

Section 48.081, Florida Statutes (1987) governs service of process on corporations. Florida courts have uniformly held that valid service of process on a corporation may be made only by rigorous compliance with the statutes governing such service, which must be strictly construed. *Sierra Holding, Inc. v Innkeepers Supply Co., A Division of Holiday Inns, Inc.,* 464 So.2d 652, 654 (Fla. 4th DCA 1985); *A-One Dahill Moving & Storage Co., Inc. v The American Insurance Company,* 436 So.2d 424 (Fla. 4th DCA 1983); *The Mac Organizations, Inc. v Harry Rich Corp.,* 374 So.2d 81, 82 (Fla. 3d DCA 1979). Absent strict compliance with the statutory provisions, the court lacks personal jurisdiction over the defendant corporation. *Sierra Holding, Inc. v Innkeepers Supply Company, A Division of Holiday Inns, Inc.,*

---

[1] In his motion, Howard also requested that the lower court strike Flaxman's motion for proceedings supplementary to execution and for impleader of third party.

464 So.2d at 654. The statute directs that service may be made on the President, Vice President or "other head of the corporation." In the absence of all of them, service may then be made on other specified officers or agents of an inferior classed, as defined in the statutory hierarchy. The absence of all members of a superior class is a condition precedent to the validity ·of service upon a member of an inferior class, and the return must evidence such absence before the corporation will be bound. *A-One Dahill Moving & Storage Co., Inc. v The American Insurance Company,* 436 So.2d at 425; *Dade Erection Service, Inc. v Sims Crane Service, Inc.,* 379 So.2d 423, 425 (Fla. 2d DCA 1980); *Ludlum Enterprises, Inc. v Outdoor Media, Inc.,* 250 So.2d 649, 650 (Fla. 4th DCA 1971). As an alternative to all of the foregoing, service may be made on the corporation's designated resident agent. *Sierra Holding, Inc. v Innkeepers Supply Co., A Division of Holiday Inns, Inc.,* 464 So.2d at 654 [interpreting § 48.081(3), Fla. Stat. (1987)].

When the person served happens to be the president or other head of the corporation, but the return does not evidence that he was served in his capacity of president or in any other corporate capacity, other than as an individual, service is legally ineffective to bind the corporation and the court lacks jurisdiction over the corporation, justifying dismissal of the action against it. *Florida Medical Association, Inc. v Spires,* 153 So.2d 756, 758 (Fla. 1st DCA 1963), *quoting ·from Licausi v Ashworth,* 78 App. Div. 486, 79 N.Y.S. 631 (1903). *See also Windmill Restaurant Systems, Inc. v C & W Limited,* 416 So.2d 909 (Fla. 2d DCA 1982). The return filed in this case shows service only on "Nicolas Farandatos, Brazil Hotel, 6525 Collins Av., Miami Beach, Florida." Accordingly, the sheriff checked off the box corresponding to "individual service" on the return, not that corresponding to corporate service, which was left blank. Evidently, regardless of his actual capacity, service on Farandatos individually was legally ineffective to bind N.F. Riza, Inc., and the lower court therefore never acquired personal jurisdiction over N.F. Riza, Inc.

It is well established that a judgment entered without due service of process is void, and a court may vacate it at any time. *Falkner v Amerifirst Federal Savings and Loan Association,* 489 So.2d 759 (Fla. 3d DCA 1986); *Whigham v Whigham,* 464 So.2d 674 (Fla. 5th DCA 1985). See also Kennedy v Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987). *Cf. Shields v Flinn,* 528 So.2d 967, 968 (Fla. 3d DCA 1988). A court's lack of jurisdiction to enter the judgment, whether resulting from a lack of service of process on the defendant or on some other valid ground, is probably the single most fundamentally compelling jurisdiction for the court to nullify its judgment. *See* 46 Am.Jur.

52

2d *Judgments* 4753, at 916-917, § 757, at 919, n. 16, § 813, at 970 (1969); 49 C.J.S. *Judgments* 4167, at 480-483 (1947); *Miakka Co. v Edwards,* 68 Fla. 372, 382, 67 So. 217, 220 (1914). In *Whigham,* the court wrote:

> Florida courts before and after the adoption of Florida Rule of Civil Procedure 1.540(b) have stated that a void judgment may be attacked "at any time" because such judgment creates no binding obligation upon the parties, is legally ineffective, and is a nullity. (Citations omitted) *Whigham v Whigham,* 464 So.2d at 676. In his concurring opinion in *Falkner,* Judge Pearson cited numerous decisions by other state and federal courts generally standing for the proposition that "laches cannot breathe life into a judgment void at its inception . . . ." *Falkner v Amerifirst Federal Savings and Loan Association,* 489 So.2d at 760 (Pearson, J., concurring).[2]

We therefore hold that the lower court had the authority and the duty to vacate and set aside its void judgment against N.F. Riza, Inc., the corporation, over which it never acquired jurisdiction. We also hold, for the reasons that follow, that the lower court should have denied Flaxman's motion to implead Howard, and instead should have granted Howard's motion to strike Flaxman's motion.[3] It is our view that the lower court lacked subject matter jurisdiction to grant the specific relief requested in Flaxman's motion to implead Howard as a third party in proceedings supplementary to execution.[4] In his motion, Flaxman asked the lower court to declare his judgment a valid lien on the real property then owned by Howard, and to order the levy and sale of the property to satisfy the lien.[5] This the lower court did not have the power to do.

---

[2] Accordingly, Judge Pearson concluded that a motion attacking a void judgment need not be made with a reasonable time, and that in including a "reasonable time" limitation for motions made under subsection (4), Florida Rule of Civil Procedure 1.540(b) "does not mean what it says." Falkner v Amerifirst Federal Savings and Loan Association, 489 So.2d at 760 (Pearson, J., concurring).

[3] See note 1, supra.

[4] Although lack of subject matter jurisdiction has not been raised either in the lower court or on appeal by any party, the absence of such jurisdiction is fundamental in nature, and it may or should be raised sua sponte by the court at any time. Henry's Drive-In, Inc. v Ideal Rock Products Co., 140 So.2d 137, 138 (Fla. 3d DCA 1962). See also Tom v State ex rel. Tom, 143 So.2d 226 (Fla. 2d DCA 1962).

[5] Specifically, Flaxman requested in his motion for impleader that the court "declare that the Plaintiff's Judgment constitutes a good valid and existing lien on the above described real property and that said property is subject to Sheriff's levy and Sheriff's sale to satisfy Plaintiff's Judgment," and "order the Sheriff to levy all of the right, title and interest of Eugene J. Howard in and to the above described real property and offer said property for sale to satisy the Plaintiff's Judgment." Record on Appeal, at 13.

Article V, Section 20(c)(3), of the Florida Constitution, vests exclusive original jurisdiction in the circuit courts "in all cases in equity" and "in all actions involving the titles or boundaries or right of possession of real property." Art. V, § 20(c)(3), Fla. Const. *See also* § 26.012, Fla. Stat. (1987). This constitutional language has been construed to mean that in cases where the necessary result of a judgment is that one party gains or the other party loses an interest in real estate, jurisdiction lies in the circuit court. *Barrs v State ex rel. Britt,* 95 Fla. 75, 116 So. 28 (1928); *Blackwelder v D'Ercole Enterprises, Inc.,* 126 So.2d 598, 600 (Fla. 3d DCA 1961). In *Blackwelder,* the civil court of record (predecessor of the county courts)[6] had indeed proceeded to set aside and void a deed to real property in proceedings supplementary to execution. In the same breath, the civil court of record ordered execution and sale of the property, at which one Bodner purchased the property and acquired title. Blackwelder, the grantee in the voided deed, sued Bodner, the current titleholder, seeking to foreclose his deed as a mortgage. The lower court entered summary final judgment for BOdner, and Blackwelder appealed, claiming that the judgment of the civil court of record was ineffective since the court had no jurisdiction over the subject matter or the parties. The Third District Court of Appeal agreed with Blackwelder and reversed the entry of summary judgment for Bodner, stating:

> The powers granted to courts upon proceedings supplementary to execution unsatisfied by section 55.55 Fla. Stat., F.S.A., may not diminish the constitutional powers granted exclusively to the circuit courts. Therefore the order of judgment of the civil court of record, holding the deed (sic) from D'Ercole to Blackwelder to be void, was beyond the jurisdiction of that court; as such it was without legal effect and was not a bar to the present action by Blackwelder to foreclose the deed as a mortgage. *Blackwelder v D'Ercole Enterprises, Inc.,* 126 So.2d at 600.[7] *See also* 1966 Op. Att's. Gen. Fla. 066-103 (November 10, 1966).[8]

---

[6] See Art. V, § 20(d) and § 6, Fla. Const. (1972 Rev.); Ch. 72-404, § 30, Laws of Fla.; § 34.01, Fla. Stat. (1987).

[7] Section 55.55 of the Florida Statutes, pursuant to which the civil court of record purported to act in Blackwelder, is the predecessor of the present Section 56.29(5) of the Florida Statutes. The current version, governing proceedings supplementary and authorizing the court to apply the property of the judgment debtor to the satisfaction of the judgment debt, contains virtually identical language. See § 56,29(5), Fla. Stat. (1987).

[8] The Attorney General wrote: " . . . it appears that the judges of the small claims

54

We therefore reverse the lower court's order denying Howard's motion to vacate the void judgment entered as to N.F. Riza, Inc. We also hold that the lower court lacks subject matter jurisdiction to entertain Flaxman's request to declare his judgment a valid lien and to order levy and sale of the real property in issue.[9]

court, created and operating under the provisions of Ch. 42, F.S., are empowered to entertain proceedings supplementary to its execution, as provided for in §§ 55.52-55.611, F.S. However, all actions that may be taken pursuant to the provisions of §§ 55.52-55.611, F.S., involving equitable matters, titles and boundaries of real estate are exclusively matters within the circuit courts jurisdiction." 1966 Op. Att'y Gen. Fla. 066-103 (November 10, 1966).

[9] Flaxman has not challenged Howard's standing to contest the validity of his judgment against N.F. Riza, Inc., perhaps because evidently Howard does have standing to attack it. First, at Flaxman's behest, the lower court impleaded Howard as a party in proceedings supplementary to execution, thereby entitling Howard to his full right to be heard on the issue of his property rights, to the full extent to which they could be affected by the action taken. See Kornberg v Krupka, 118 So.2d 790, 792 (Fla. 3d DCA 1960). See also Ryan's Furniture Exchange, Inc. v McNair, 120 Fla. 109, 162 So. 483 (1935).

We have expressed our belief that the lower court should have denied Flaxman's motion for impleader in light of the improvidently sought relief. But even if the lower court had so declined to implead Howard, that fact would not defeat Howard's standing to challenge the void judgment by motion to vacate filed pursuant to Florida Rule of Civil Procedure 1.540(b). In Florida, a non-party to an action has standing to move to set aside a judgment, pursuant to Florida Rule of Civil Procedure 1.540(b), when his or her rights are directly and injuriously affected by the judgment which was obtained by fraud or other misconduct. Pearlman v Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981). See also Woginiak v Kleiman, 523 So.2d 1209 (Fla. 3d DCA 1988). Cf. Washington Federal Savings and Loan Association of Miami Beach v Dade County, 221 So.2d 790 (Fla. 3d DCA 1969) (holding that absent impairment of the mortgagee's security interest in mortgaged land, a mortgage is not entitled to be treated as an owner and has no standing to attack a judgment awarding compensation to the landowner in a condemnation suit).

Other courts have held that a subsequent purchaser of real property to which a judgment has attached as a lien is entitled to move to vacate the judgment on the grounds that it is void (as distinguished from merely irregular). 49 C.J.S. Judgments § 293, at 542, n. 79 (1947); 46 Am. Jur. 2d Judgments § 694, at 846, n. 12, [6]97, at 847, n. 7 (1969). See Ridge Community Investors, Inc. v Berry, 293 N.C. 688, 239 S.E. 2d 566 (1977); Ladd v Stevenson, 112 N.Y. 325, 19 N.E. 842 (1889) The Restatement of Judgments likewise provides:

Subject to the limitations stated in § 74:

. . .

(3) A successor in interest to property who is bound by a judgment against his predecessor in interest under the rule stated in § 43 may obtain relief from the judgment:
(a) On any ground that would have been available to his predecessor in interest;

. . .

Restatement (Second) of Judgments § 75 (1980).

**55**

We remand the case to the lower court with directions to vacate the judgment as to N. F. Riza, Inc. and for further proceedings consistent with this opinion.

REVERSED and REMANDED.