665 So.2d 375 (1996)
WASHINGTON CAPITAL CORPORATION, Appellant,
v.
MILANDCO, LTD., INC., Appellee.
No. 95-0912.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Marshall J. Osofsky of Lewis, Vegosen & Rosenbach, P.A., West Palm Beach, for appellant.
Robert M. Weinberger of Cohen, Chernay, Norris, Weinberger and Harris, North Palm Beach, for appellee.
PARIENTE, Judge.
Defendant Washington Capital Corporation, a Pennsylvania corporation, (Washington Capital) appeals an order denying its motion to quash service. We reverse because service was improperly made on a secretary/receptionist of a foreign corporation which was not in strict compliance with section 48.081, Florida Statutes (1993), governing service of process on corporations.
This court has jurisdiction to review this order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Milandco, Ltd., Inc. (Milandco) sued Washington Capital and its president, John L. Wolgin, a resident of Pennsylvania, for breach of contract. The complaint and summons were served on Wilma J. Kancher, a secretary/receptionist employed by Washington Capital, at its service office in Philadelphia, Pennsylvania. Washington Capital moved to quash service of process because the papers had been delivered to a secretary/receptionist who was not an officer or director or an individual party authorized to accept service. The motion to quash was supported by affidavits from Kancher and Wolgin. Kancher's affidavit stated that she is employed as a secretary by Washington Capital but is neither an officer nor director of the corporation. Wolgin's affidavit stated that Washington Capital has not operated, conducted or engaged in business in Florida since its formation.
Section 48.081, Florida Statutes (1993), which governs service of process on corporations, must be strictly construed and strictly complied with. A-One Dahill Moving & Storage Co., Inc. v. American Ins. Co., 436 So.2d 424, 425 (Fla. 4th DCA 1983); Carlon, Inc. v. Lindy's of Omni, Inc., 408 So.2d 243 (Fla. 4th DCA 1981). The pertinent provisions of section 48.081 provide:
(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

*376 (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

* * * * * *
(3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's place of business.
(Emphasis supplied). A secretary/receptionist under the facts presented here does not fall within any of the hierarchial categories enumerated in subsection 48.081(1). See A-One Dahill, 436 So.2d at 425 (unless proved otherwise, an "office manager" does not occupy the role of "general manager" for purpose of accepting service of process under subsection 48.081(1)(b)).
Milandco maintains that service of process on any employee at the corporation's place of business was permissible pursuant to subsection 48.081(3) because the corporation failed to comply with section 48.091, Florida Statutes (1993), when it did not designate an agent within Florida to accept service on its behalf. Section 48.091 requires every "foreign corporation now qualified or hereafter qualifying to transact business in this state" to designate a registered agent and registered office in accordance with chapter 607.
Service on an employee pursuant to subsection 48.081(3) may be resorted to when service cannot be made on a registered agent in Florida because of a corporation's failure to maintain the registered agent pursuant to subsection 48.091. See Sierra Holding, Inc. v. Sayner, 469 So.2d 239, 240 (Fla. 4th DCA 1985); Richardson v. Albury, 505 So.2d 521, 522-23 (Fla. 2d DCA 1987). However, as Washington Capital points out, section 48.091 only requires those foreign corporations "now qualified or hereafter qualifying to transact business in this state" to designate a registered agent or registered office. Therefore, subsection 48.081(3) only applies to corporations licensed or qualified to do business in Florida. See White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla. 1990). As explained in White, subsection 48.081(3) pertains to "corporations that may not have been conducting business from a specific business office in Florida, but that had been licensed to do business in Florida." Id. See also Junction Bit & Tool Co. v. Institutional Mortgage Co., 240 So.2d 879, 880 (Fla. 4th DCA 1970).
A foreign corporation may qualify to transact business in this state by applying for a certificate of authority pursuant to the procedures set forth in section 607.1503, Florida Statutes (1993). The facts presented in this case do not establish that Washington Capital is or was ever licensed or qualified to transact business in this state. In fact, the unrefuted affidavit of Washington Capital's president establishes that Washington Capital does not maintain offices in Florida, has no agents in Florida, and has never transacted business in Florida. Thus, Kancher could not properly be served with process pursuant to subsection 48.081(3).
In Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., 276 So.2d 505, 509 (Fla. 4th DCA), cert. denied, 285 So.2d 26 (Fla. 1973), this court held:
[T]he burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court... . This party must show, when attempting to serve a foreign corporation not qualified to do business in the State of Florida ... that process has been served upon a person qualified to accept such process.
Kancher as a secretary/receptionist was not qualified to accept process under the statute. Thus, Milandco has not met its burden.
Because service of process was not made in strict compliance with section 48.081, the trial court erred in denying Washington Capital's motion to quash service. Accordingly we reverse and remand.
GUNTHER, C.J., and WARNER, J., concur.