PER CURIAM.
Appellant, Heftel Broadcasting Corporation (“Heftel”), appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction and insufficiency of process. We reverse.
Appellee, Professional Services and Advertising, Inc., (“PSA”) sued Heftel for breach of contract alleging Heftel refused to provide agreed-upon radio air time to PSA and tor-tiously interfered with its advertising clients. The summons and complaint were delivered to a seeretaiy who worked for a wholly owned subsidiary of Heftel.
PSA’s service of process upon Heftel was improper because the secretary was neither an employee, nor a director, officer, business agent, or registered agent of Heftel. See § 48.081, Fla. Stat. (1995); Richardson v. Albury, 505 So.2d 521 (Fla. 2d DCA 1987). Accordingly, we reverse and remand with instructions that the service be quashed with leave to effect proper service upon Heftel. See Abbate v. Provident National Bank, 631 So.2d 312 (Fla. 5th DCA 1994); Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985).
Although this determination renders it unnecessary to address Heftel’s remaining issue on appeal, we find no error in the trial court’s denial of Heftel’s motion to dismiss for lack of personal jurisdiction. See Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249 (Fla. 3d DCA 1998); Industrial Cas. Ins. Co. v. Consultant Associates, Inc., 603 So.2d 1355 (Fla. 3d DCA 1992).
Reversed and remanded with instructions.