832 So.2d 262 (2002)
S.T.R. INDUSTRIES, INC., Appellant,
v.
HIDALGO CORP., Appellee.
No. 3D02-1834.
District Court of Appeal of Florida, Third District.
December 11, 2002.
*263 Dittmar & Hauser, and Helen Ann Hauser, Coconut Grove, for appellant.
Martin A. Feigenbaum, Miami, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
S.T.R. Industries, Inc., a foreign corporation, appeals from an order denying its motion to quash service of process. We reverse.
Appellee, Hidalgo Corp., a Florida corporation, filed suit against S.T.R., alleging conversion of funds paid by a third party to S.T.R. instead of Hidalgo. The return of service states that Mary McKillip was served as business agent for S.T.R. at 9:05 a.m. on November 29, 2001, at S.T.R.'s offices in Cary, Illinois. S.T.R. is neither licensed nor qualified to do business in Florida. The return of service is silent as to any attempts to serve any of the corporation's superior officers.
S.T.R. moved to quash service of process and submitted an affidavit stating that Mark Stoller was the sole officer and resident agent, that he was present at the business on December 5, 2001, and that no one had attempted service of process on that date. A second affidavit of an S.T.R. delivery driver stated that he found the complaint and summons in the parking lot outside S.T.R.'s business on December 5, 2001. A supplemental affidavit stated that Mary McKillip was not an S.T.R. employee.
Section 48.081, Florida Statutes (2001), governs service of process on corporations and must be strictly complied with. See International Steel Truss Co. v. Artec Group, Inc., 824 So.2d 340 (Fla. 2d DCA 2002). Section 48.081(1) specifies a certain hierarchy of individuals upon whom process against a corporation may be *264 served.[1] "[S]ervice of process may be made on a corporation's business agent only in the absence of superior corporate officers and directors." Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652, 654 (Fla. 4th DCA 1985). Subsection (1) requirements are much stricter and much more specific than the requirements for service of process under subsection (3). See Richardson v. Albury, 505 So.2d 521, 522 (Fla. 2d DCA 1987). Section 48.081(3) allows alternative service on any employee at the corporation's place of business if the corporation has failed to designate a registered agent pursuant to section 48.091. However, this subsection only applies to corporations licensed or qualified to do business in Florida and therefore does not apply to service on S.T.R. See Washington Capital Corp. v. Milandco, Ltd., 665 So.2d 375, 376 (Fla. 4th DCA 1996).
Hidalgo failed to follow the requirements of section 48.081(1), and thus it failed to properly serve S.T.R. The burden of proof was upon Hidalgo to show a diligent search for superior officers or the necessity for substitute service. The affidavit of the process server failed to indicate that the business agent was served in the absence of superior officers.
Service of process is therefore quashed.
Reversed.
NOTES
[1] The pertinent provisions of section 48.081 provide:

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a) on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any persons described in paragraph (a)or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.