ROTHENBERG, J.
 

 SunTrust Bank seeks reversal of a non-final order quashing service of process on Electronic Wireless Corp. and Fabian Pes-antes, contending that they “concocted a hodgepodge of both actual and fictional requirements” for service of process and that “SunTrust duly complied” with each of the actual requirements. We agree and reverse and remand for proceedings consistent with this opinion.
 

 SunTrust filed a complaint in February 2009, seeking to recover funds lent to Electronic Wireless pursuant to a commercial note guaranteed by Pesantes, the corporation’s registered agent. On February 23, 2009, a process server served Electronic Wireless by serving Andres Cardona, an employee, and he filed a verified return of service on March 2, 2009. The process server later served Pesantes individually through Pesantes’ wife, Juliana Pesantes. This summons contained the Spanish and French language information suggested by the Florida Rules of Civil Procedure. The process server filed a verified return of service for the second summons on March 9, 2009.
 

 Electronic Wireless and Pesantes filed a joint motion to quash process and service of process. The trial court granted the motion and gave SunTrust 120 additional days to effectuate proper service. This appeal followed.
 

 
 *776
 
 We review the trial court’s order quashing service of process de novo.
 
 Alvarado v. Cisneros,
 
 919 So.2d 585, 587 (Fla. 8d DCA 2006). A return of service that is “regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.”
 
 Telf Corp. v. Gomez,
 
 671 So.2d 818, 818 (Fla. 3d DCA 1996). Further, “a defendant may not impeach the validity of the summons with a simple denial of service.”
 
 Id.
 
 at 819. Pesantes and Electronic Wireless failed to meet this burden and presented no evidence to invalidate the service on Pesantes individually or on Electronic Wireless.
 

 Service on Pesantes
 

 Pesantes claims: (1) the “required Spanish and Creole information” was not attached to his summons (emphasis added); (2) the summons failed to provide an address for the Clerk of Court; and (3) the process server did not properly complete the return of service. The record evidence, however, reflects that Pesantes’ summons, in addition to providing the requisite information in English, also provided information in Spanish and French, as suggested in Form 1.902, Florida Rules of Civil Procedure. Section 48.031, Florida Statutes, and Florida Rule of Civil Procedure 1.070, which govern service of process, contain no requirement that the summons contain any language other than English. Form 1.902, which accompanies Rule 1.070, however, suggests that the information be provided in Spanish and French, and Pesantes’ summons contained that language. We therefore find this argument of no merit.
 

 The summons included the address to serve a responsive pleading (the lawyer’s offices), and because there is no requirement under Florida Statutes or the Florida Rules of Civil Procedure that the summons include the Clerk’s address, we reject Pesantes’ second argument. Lastly, the verified return of service filed by the process server avers that Pesantes was served (by Enrique Pintado, a certified process server in Miami-Dade County, with the identification number 1241) by serving Pesantes’ wife, Juliana Pesantes, and there was no evidence to the contrary. Based on the record evidence and because Pesantes presented nothing more than “a simple denial of service,”
 
 Telf Corp.,
 
 671 So.2d at 819, we find that Pesantes was properly served and the trial court erred in quashing the service.
 

 Service on Electronic Wireless
 

 Electronic Wireless claims: (1) Electronic Wireless’ employee, Cardona, was not authorized to accept service for its registered agent, Pesantes; (2) the employee was improperly served because the rule requires service between 10:00 a.m. and noon and the employee was served at 9:00 a.m.; (3) the summons failed to provide the Clerk of Court’s address; and (4) the process server did not properly complete the return of service.
 

 Despite Electronic Wireless’ unsubstantiated claims regarding service on its employee, the record reflects that the verified return of service filed by the process server avers that he served Electronic Wireless at 11:40 a.m., not 9:00 a.m., on February 23, 2009, by serving Cardona, who was authorized to accept service for the corporation’s registered agent. Section 48.081(3)(a), Florida Statutes (2008), provides: “[P]rocess may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s principal place of business.” Section 48.091(2) also provides:
 
 *777
 
 “Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day ... and shall keep one or more registered agents on whom process may be served at the office during these hours.”
 

 Because Electronic Wireless presented no evidence to dispute that: service was made on Cardona; Cardona was authorized to accept service for the registered agent, Pesantes; and service was made at 11:40 a.m., as indicated on the process server’s return of service, we conclude that the service complied with Florida law. This finding is not in conflict, as Electronic Wireless suggests, with
 
 S.T.R. Industries, Inc. v. Hidalgo Corp.,
 
 832 So.2d 262 (Fla. 3d DCA 2002). In
 
 S.T.R,
 
 evidence was provided that the corporation’s sole officer and registered agent was present at the corporation at the time of the alleged service; the alleged service was on a woman who was not an employee of the corporation; and a delivery driver found the complaint and summons in the parking lot outside the business.
 
 Id.
 
 at 263.
 

 As to Electronic Wireless’ third argument, which we have already addressed with regard to service on Pesantes, there is no requirement under Florida Statutes or the Florida Rules of Civil Procedure that the summons include the Clerk’s address, and the summons issued for Electronic Wireless included the address to serve a responsive pleading (the lawyer’s offices). Also, the process server properly completed the return of service as to Electronic Wireless. Accordingly, we conclude that service on Cardona for Electronic Wireless was valid on its face.
 

 Finally, Pesantes and Electronic Wireless contend that the process was “ambiguous as an attempt to service two parties in a single process.” This contention is without merit as Pesantes was served individually and separate from Electronic Wireless. We also find Pesantes and Electronic Wireless’ estoppel argument meritless and decline to address it with more specificity. SunTrust neither appealed a final judgment nor accepted a benefit. The order granting Pesantes and Electronic Wireless’ motion to quash service of process is reversed, and we remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.