PER CURIAM.
 

 We recently reiterated that “[a] return of service that is ‘regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.”
 
 Telf Corp. v.
 
 Gomez, 671 So.2d 818, 818 (Fla. 3d DCA 1996). Additionally, “a defendant may not impeach the validity of the summons with a simple denial of service.”
 
 Id.
 
 at 819.
 
 See also SunTrust Bank v. Elec. Wireless
 
 Corp, 23 So.3d 774, 776 (Fla. 3d DCA 2009).
 

 Here, the return of service states that it was effected on Jerry Newton, a tenant/occupant residing with David Seltzer. Seltzer filed an affidavit signed by Jerry Newton, who does not deny that he was a tenant/occupant residing with David Seltzer, but states that his address is 25 Blue Bonnet Lane, Burnsville, North Carolina. A person can reside at one place and have a different mailing address.
 

 We thus conclude that Seltzer failed to present clear and convincing evidence to invalidate the return of service which was regular on its face.
 

 Affirmed.