EMAS, J.,
concurring.
I concur in affirming, but write to address one of the arguments made by appellant in this case.
Carlos Sosa, the plaintiff below, filed a civil action and served a copy of the summons and complaint on the registered agent of defendant Verabella Falls Condominium Association, an entity qualified to transact business in the state of Florida. The certified return indicated that service was made upon the receptionist at the registered agent’s office. When Verabella Falls failed to respond to the complaint, *816 Sosa moved for and obtained a default and default final judgment.
Verabella Falls later filed a motion to vacate the final judgment, pursuant to Florida Rule of Civil Procedure 1.540. That motion was denied and this appeal followed. In its appeal, Verabella Falls argues that the process server was required to follow the corporate hierarchy set forth in section 48.081(1), Florida Statutes (2004), asserting that this subsection applies equally to service on a corporate defendant and its registered agent. This argument is without merit.
Section 48.081, Florida Statutes (2004), provides in pertinent part:
(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. i.8.091.[1] However, if service cannot be made on a registered agent for failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.
(Emphasis added).
Verabella Falls cites our decision in Lisa, S.A. v. Gutierrez, 806 So.2d 557 (Fla. 3d DCA 2002) for the proposition that service upon a registered agent must follow the hierarchy set forth in section 48.081(l)(a) through (d). However, appellant misconstrues Lisa and the case it relied upon, Washington Capital Corp. v. Milandco, Ltd., Inc., 665 So.2d 375 (Fla. 4th DCA 1996). In each of those cases, the defendant was a foreign corporation not qualified to transact business in this state, and therefore had not designated (and was not required to designate) a registered agent in Florida for purposes of receiving service of process. See § 48.091(1), Fla. Stat. (2011) (requiring “[ejvery Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state *817 shall designate a registered agent....”). Because the defendants in Lisa and Washington Capital were foreign corporations not qualified to transact business in this state, and had no registered agent in Florida, service of process could not be made pursuant to the alternative provided in section 48.081(3), but had to be accomplished pursuant to the hierarchical categories of section 48.081(l)(a)-(d). S.T.R. Indus. v. Hidalgo Corp., 832 So.2d 262 (Fla. 3d DCA 2002).
Lisa does not stand for the proposition that service of process on registered agents of corporations qualified to transact business in Florida must comply with the hierarchical provisions of section 48.081(l)(a)-(d). This would contravene the plain language of section 48.081(3)(a), which expressly provides an alternative method of service of process upon registered agents of such corporations.

. Section 48.091, Florida Statutes (1976) provides:
(1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
(2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.