402 So.2d 522 (1981)
SOUTHEASTERN MAIL TRANSPORT, INC., a Corporation, Appellant,
v.
AMOCO OIL COMPANY, Appellee.
No. AD-446.
District Court of Appeal of Florida, First District.
August 17, 1981.
Rehearing Denied September 11, 1981.
*523 Richard G. Hathaway of Milam & Wilbur, Jacksonville, for appellant.
Judson Freeman of Freeman, Richardson, Watson, Kelly & Livermore, P.A., Jacksonville, for appellee.
MILLS, Judge.
Southeastern Mail Transport, Inc. (Southeastern) appeals from a nonfinal order rejecting its challenge to the sufficiency of service of process. We reverse.
Amoco Oil Company (Amoco) filed a complaint against appellant Southeastern, a Florida corporation. The return of service of process by a deputy sheriff of Duval County shows that he served a true copy of the process on a Mr. Charles Mathews, whom he identified on the return as a business agent of Southeastern. The return also specifically asserts that it was served in the absence of the corporation's president, vice president, other head, cashier, treasurer, secretary, general manager, directors or any other officers and specifically recites that service was effected under Section 48.081, Florida Statutes (1979).
Southeastern filed a motion to dismiss stating that it was making a limited appearance for the singular purpose of having the complaint dismissed because of insufficiency of process or, alternatively, insufficiency of service of process. Southeastern submitted affidavits from the president of the corporation and Charles Mathews, the person served. The president set forth the names, titles, and addresses of all of the directors and officers of the corporation, stated that he was the registered agent for the corporation, and listed the addresses of the business offices. He alleged that he was within Duval County at all times on the date service was made. According to his affidavit, Charles Mathews was the dispatcher at one of the offices whose duties are to receive instructions as to truck routes, to arrange with truck drivers to run those routes, and to take phone calls from working drivers to answer their questions or assist with problems. He is not authorized to accept service of process; he has no management duties; he is not authorized to write checks, negotiate or execute agreements, maintain custody of any corporate or financial records, or have control over any corporate funds. He is not a shareholder, a director, officer, cashier, or general manager of the corporation, and, the affidavit asserts, he is not a business agent of Southeastern. Mathews affidavit also asserted that he was a dispatcher and set forth the same duties and responsibilities as those stated by the president, including the fact *524 that he is not authorized to make business decisions, accept service of process, etc. He averred that he was not a business agent of Southeastern.
The trial court denied the motion without explanation.
Service of process was insufficient for two reasons: (1) the assertion in the return that service was made on the business agent in the absence of the superior officers of the corporation was rebutted by an uncontradicted affidavit of the president of the corporation, and (2) Charles Mathews was affirmatively shown to have been a mere employee and not a "business agent" of the corporation.
Amoco's contention that the affidavit concerning the president's whereabouts on the date of service was insufficient to rebut the return is without merit. Under Section 48.081(1) service may be made on a corporation's business agent only in the absence of the president, vice president, or other officer of the corporation; the cashier, treasurer, secretary, or general manager; and any director. The deputy stated he served Mathews as business agent in the absence of the superior officers. He does not state whether those officers were absent from the county or simply from that address. The term "in the absence of," as used in the statute, has been interpreted by case law to require absence from the county. Cherry Lake Farms, Inc. v. Love, 129 Fla. 469, 176 So. 486 (1937). In Cherry Lake, supra, service was deemed proper because there was no showing that a superior officer was in the county on the day of service. In the instant case, the allegation that the superior officers were absent from the county is directly rebutted by the affidavit of the president. The deputy sheriff could have attempted service under Section 48.091, which allows him to go to the address at which the registered agent is required to be present every business day from 10 a.m. to noon and, finding the registered agent absent from that address, serve any employee. However, in the instant case, the deputy specifically stated that he effected service under Section 48.081.
Even if the service had been made on Mathews "in the absence of" the superior officers, it would have been insufficient because the evidence set forth in the affidavits affirmatively establishes that Mathews was not a "business agent" as defined by case law.
For purposes of service of process, a business agent has been held to be the person who represents the corporation and who officially speaks for it in the local business affairs of the corporation. Dade Erection Service, Inc. v. Sims Crane Service, Inc., 379 So.2d 423 (Fla. 2d DCA 1980). Furthermore, he must have the general authority to act for the corporation and be authorized to manage its business within the state. Valdosta Milling Co. v. Garretson, 54 So.2d 196 (Fla. 1951). The affidavits showed that Mathews was not, under these definitions, a business agent. He was merely an employee, a truck dispatcher who had limited authority. Accordingly, the trial court erred in ruling that service of process was sufficient to give the court jurisdiction over Southeastern.
Procedurally, Southeastern concedes that its defense would have been more properly raised by a motion to quash rather than by a motion to dismiss. There is no indication that the trial court denied the motion for procedural rather than substantive reasons and we do not perceive any fatal defect in the styling of the motion. The issue to be decided was placed before the trial court by special appearance in a motion preceding the answer and this was sufficient to raise and preserve the contention.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN and LARRY G. SMITH, JJ., concur.