464 So.2d 652 (1985)
SIERRA HOLDING, INC., a Corporation, Appellant,
v.
INN KEEPERS SUPPLY COMPANY, A DIVISION OF HOLIDAY INNS, INC., a Corporation, Appellee.
Nos. 84-763, 84-1549.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
*653 Henry W. Clar, Miami, for appellant.
Marc D. Cohen of Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, for appellee.
HERSEY, Judge.
The basis for these consolidated appeals is an alleged noncompliance with the substituted service statute, section 48.091, Florida Statutes (1983).
Appellee, Inn Keepers Supply Company, sued appellant, Sierra Holding, Inc., in Broward County Circuit Court for $5,881.62 claimed due by Sierra for goods sold and delivered to it. Sierra runs a motel and maintains corporate offices at 1155 North Federal Highway, Fort Lauderdale, Florida.
At 10:40 a.m. on March 19, 1982, a Broward County deputy sheriff served an alias summons and complaint on Charles Drago at the above address. The return of service indicates that Mr. Drago was served as an employee of Sierra "for failure by the corporation to comply with F.S. 48.091." There is a further notation to the effect that Mr. Drago advised the deputy that no officer or registered agent was on the premises.
Appellant moved the trial court to quash service of process on Mr. Drago for failure of appellee to comply with section 48.081, Florida Statutes. Appellant also moved to dismiss or abate the action on the ground that appellee, a foreign corporation, had not qualified to do business in Florida as required by section 607.354, Florida Statutes, and thus it could not maintain an action in a Florida court. Both motions were denied.
The trial court granted summary judgment for appellee. At the final hearing the only matter remaining for consideration was appellant's claim of setoff. The claim was denied, and final judgment for appellee was entered.
*654 In aid of execution on the final judgment, appellee noticed the deposition of Arthur Little, vice-president of Sierra. The deponent moved for a protective order and appellee moved to have Mr. Little held in contempt of court. Both motions were denied.
Mr. Little's deposition was renoticed for May 11, 1984. Appellee subsequently filed a motion to compel and motion for contempt, contending that Mr. Little appeared for his deposition in a "drugged state" and that he failed to bring with him documents required pursuant to a subpoena duces tecum. The trial court entered an order granting appellee's motion to compel and motion for contempt.
Appellant appeals both the final judgment, Appeal Number 84-763, and the non-final order, Appeal Number 84-1549.
Florida courts have uniformly held that statutes dealing with service of process are to be strictly construed and valid service of process on a domestic corporation may be made only by complying with the statutes. A-One Dahill Moving & Storage Co., Inc. v. American Insurance Co., 436 So.2d 424 (Fla. 4th DCA 1983); Carlon, Inc. v. Lindy's of Omni, Inc., 408 So.2d 243 (Fla. 4th DCA 1981); Dade Erection Service, Inc. v. Sims Crane Service, Inc., 379 So.2d 423 (Fla. 2d DCA 1980); Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971). Absent strict compliance, the court lacks personal jurisdiction over the defendant corporation. Florida Medical Assn., Inc. v. Spires, 153 So.2d 756 (Fla. 1st DCA 1963).
Here, process was served on Charles Drago, an alleged employee of the corporate defendant, Sierra. Appellant contends the service on Drago was improper because
(1) the president of Sierra was in the office at the time of service and thus should have been the party served, since he was the most senior corporate officer present.
(2) The registered agent of Sierra was on the business premises and was only temporarily absent from the office. Temporary absence does not negate compliance by a corporation with section 48.091, Florida Statutes; therefore, service of process could not properly be made on an "employee" under section 48.081(3).
(3) Even if service on an employee could have been proper, Charles Drago was not an employee at the time he was served.
In support of its first contention, appellant cites Southeastern Mail Transport, Inc. v. Amoco Oil Company, 402 So.2d 522 (Fla. 1st DCA 1981). The appellate court in that case noted that under section 48.081(1), Florida Statutes, service of process may be made on a corporation's business agent only in the absence of superior corporate officers and directors. In the instant case, however, service was made under the alternative set forth in section 48.081(3), not on the business agent. Unlike 48.081(1), subsection (3) does not require the absence of superior corporate officers before it may be used; thus, the presence of the president in the office would not invalidate service of process on the registered agent (or on an employee in his absence) under section 48.081(3).
Appellant's second contention is correct. The uncontradicted affidavit of the registered agent states that he was present in the corporate office at all times between the hours of 10:00 a.m. and 12:00 noon, with the exception of a temporary absence (during which process was served on Mr. Drago). Under Southeastern Mail Transport, 402 So.2d at 524, this affidavit is sufficient to rebut the deputy's return of service which states that the registered agent was not on the premises. Further, a temporary absence between the hours of 10:00 a.m. and 12:00 noon does not take the corporation out of compliance with the statute. As set forth in State ex rel. Woods-Young Co. v. Tedder, 103 Fla. 1083, 138 So. 643, 647, cert. denied, 285 U.S. 557, 52 S.Ct. 458, 76 L.Ed. 946 (1932):
[I]t would not be a compliance with the meaning and purpose of the statute for the sheriff to merely appear at the designated place at such moment within the *655 named hours, and, finding no agent or officer then present upon whom to make service, and without any further attempt to make service during the entire period named in the statute, to make a return that such office was not kept open from 10 to 12 o'clock or that there was no officer or agent present therein within the time specified. Non constat, such officer or agent may have left the designated place for some good reason for just a few minutes when the sheriff visited it, and then returned.
Therefore, since the corporation did not fail to comply with section 48.091 of Florida Statutes, the deputy sheriff could not properly serve an "employee" under section 48.081(3).
Finally, assuming service on an employee of Sierra could be proper, the record shows that Charles Drago was not an employee at the time the process was served. The affidavit of the vice-president/secretary and registered agent of Sierra, Arthur Little, states that Mr. Drago was not an employee, and appellee admits in its brief at page five that it "is unable to show that CHARLES DRAGO [is] on the payroll of SIERRA HOLDING COMPANY."
Appellee contends that Mr. Drago's "connections" with Sierra are sufficient to designate him an "employee" for purposes of section 48.081(3), Florida Statutes. Specifically, appellee alleges that appellant's answers to interrogatories state Mr. Drago acted for Sierra "in a position of authority," that Drago notarized the signature of Arthur Little on documents filed with the trial court, and that Drago is the addressee on appellee's sales orders to appellant. A review of the record reveals, however, that the answers to interrogatories indicate only that Mr. Drago acted for Sierra in 1981 and earlier, and the sales orders on which his name appears as the addressee are all dated 1979. As in Sierra Holding, Inc. v. Sharp Electronics Corp., 436 So.2d 324 (Fla. 4th DCA 1983), there is no evidence in the record of the instant case that Drago was an employee at the time of the service of process in March 1982, and the fact that he notarized the signature of a corporate officer is not sufficient in itself to make him an employee. Since, as noted above, the statute requiring that alternative service be made on an "employee" must be strictly construed, mere "connections" with the corporation are insufficient.
Because appellee failed to comply with sections 48.081 and 48.091, Florida Statutes, in effecting service of process on appellant, the trial court lacked personal jurisdiction over appellant, and the final judgment must therefore be reversed.
This determination renders moot the second point on appeal in Case Number 84-763 and requires reversal of the orders complained of in Appeal Number 84-1549.
REVERSED and REMANDED.
LETTS and GLICKSTEIN, JJ., concur.