# SAPP BROTHERS CONSTRUCTION CO., INC., etc. v RIBBLER

Case No. 86-375 AP (County Court Case No. 86-8542CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 20, 1987

## APPEARANCES OF COUNSEL

**Kenneth R. Duboff** for appellant.

**Max A. Goldfarb** for appellee.

Before HENDERSON, NADLER, SALMON, JJ.

## OPINION OF THE COURT

SALMON, J.

154

On issue before this Court is whether the Appellee met the statutory requirements for serving process on a corporation.

On June 5, 1986, a process server for the Appellee, Helen Ribbler, attempted service of process on the Appellant, Sapp Brothers Construction Co., Inc., d/b/a Gulf Chemical Contractors, by serving Hillary Ryan as "business agent", at the Appellant's business address. The Appellant failed to answer the Complaint and the trial court entered a Default, Final Default Judgment and Writ of Garnishment against the Appellant.

Subsequently, Edward Ryan, the president and resident agent of Appellant, submitted an uncontradicted affidavit stating that Hillary Ryan did not notify him of the attempted service of process, and he first became aware of this suit after the Writ of Garnishment was entered. The affidavit also stated that Hillary Ryan was a part-time employee for Appellant, responsible for answering phones, filing and posting job costs. According to the affidavit, at the time service was attempted, the Appellant's registered agent was at the registered office which is located in this county, but is not the Appellant's business address.

After a hearing, the trial court denied Appellant's Motion to Set Aside Default, Final Default Judgment and Writ of Garnishment, and Appellant's Motion for Rehearing. Appellant then appealed to this Court for a review of the record below.

Proper service of process is required to confer in personam jurisdiction over defendants. To achieve proper service, there must be strict compliance with the applicable statute. See *Mac Organization, Inc. v. Harry Rich Corp.*, 374 So.2d 81 (Fla. 3d DCA 1979). Section 48.081(1)(d), Fla. Stat. (1984) provides that in the absence of a corporation's officers, general manager and directors, process against a corporation may be served on any business agent residing in the state. As used in the statute, the term "absence" requires absence from the county, and "business agent" refers to one having general authority to act for the corporation and authority to manage its business within the state. *Southeastern Mail Transport v. Amoco Oil Co.*, 402 So.2d 522 (Fla. 1st DCA 1981). The Appellee did not satisfy the statutory requirements of this section because (1) the president was not absent from the county, and (2) even if the president was absent from the county, Hillary Ryan was not a business agent since she was not authorized to act for the corporation or manage its business.

Section 48.081(3), Fla. Stat. (1984) provides that, as an alternative, process may be served on the registered agent, pursuant to Section

49.091, or on any employee at the place of business if the registered agent fails to comply with Section 48.091. Based upon our review of the record and sections 48.091 and 607.034(1)(a), we find that although the Appellant's business address is not the same as the registered office address, Appellant complied with Section 48.091[1] Since process was not served on the registered agent, and the registered agent complied with Section 48.091, service of process of Hillary Ryan, an employee of the corporation, did not meet the statutory requirements for serving process on a corporation.

Reversed and remanded for proceedings consistent with this opinion.

Appellee's motion for attorney's fees is denied.

---

[1] Section 48.091(1) requires the corporation to designate a registered office in accordance with chapter 607; and Section 607.034(1)(a) provides that "A registered office . . . need not be the same as its place of business."