ZEHMER, Judge.
ARW Exploration Corporation, an Oklahoma corporation, appeals an order denying its motion to quash service of process upon Serge Simeanidis as vice-president of ARW. We have jurisdiction to review this non-final order, rules 9.030(b)(1)(B), 9.130(a)(3)(C)(i), Fla.R.App.P., and reverse on the basis of ARW’s unrebutted showing that Simeanidis was not its corporate vice-president at the time he was served with process.
Demetrios Kartsonis, the plaintiff in this case, attempted to perfect service of process on ARW in Florida by serving Simean-idis as vice-president of ARW. ARW, appearing specially for the purpose of contesting jurisdiction, filed a motion to quash such service alleging that Simeanidis was not an officer of ARW and that ARW was not doing business in Florida. Attached to the motion was an affidavit made by Si-meanidis stating that he was served with *1370 process for ARW on July 24, 1990, that he was “not now an officer or employee of ARW,” and that he had resigned from that position on December 31, 1989. At the hearing on this motion, Kartsonis produced a certificate from the Oklahoma Tax Commission dated June 27, 1990, that indicated that on June 30,1989, Simeanidis was listed as an officer of ARW in the records of the commission. Kartsonis did not present any law to the trial court, or to this court for that matter, establishing that a corporate officer’s resignation from office in an Oklahoma corporation does not become legally valid until his name is removed from the Oklahoma Tax Commission’s listing of the corporation’s officers. Pursuant to the agreement by counsel for both parties, after the hearing on ARW’s motion, the trial court telephoned the Oklahoma Tax Commission, ex -parte, to determine whether Simeanidis had ever notified that office that he had resigned as vice-president of ARW. Upon learning from the Tax Commission that it had received no such notification, the court entered an order finding that Kartsonis was entitled to rely upon the names of officers provided by ARW to the Oklahoma Tax Commission and denied ARW’s motion to quash service of process.
Florida courts have uniformly held that statutes governing service of process must be strictly construed and valid service of process on a domestic corporation may be made only by strictly complying with such statutes. Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985). Absent valid service of process, the court lacks personal jurisdiction over the corporation. 464 So.2d at 654. Section 48.081(1), Florida Statutes (1989),[1] states that process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice-president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), any officer or business agent residing in the state.
The Simeanidis affidavit was legally sufficient to establish that he did not fit within any of the above categories of section 48.-081(1) and that he could not validly accept service of process for ARW. Service of process on an officer or person listed in section 48.081(1) is effective only if that officer or person legally fills the position described on the date of such service. See Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla. 2d DCA 1965). Evidence that the Oklahoma Tax Commission listed Simeani-dis as vice-president of ARW in its records at the time process was served was legally insufficient to rebut ARW’s showing that Simeanidis had ceased being a vice-president of ARW more than six months before because Kartsonis presented no Oklahoma law or other evidence to the trial court showing that Simeanidis’s resignation could not become legally effective until the records at the Oklahoma Tax Commission had been changed. It must be remembered that service on the officers or persons listed in section 48.081(1) is to be distinguished from service on a designated resident agent of a foreign or domestic corporation for service of process under sections 48.-081(3) and 48.091; a designated resident agent continues in that capacity as an agent on whom valid service can be perfected until the records at the secretary of state’s office are changed to reflect that another has been appointed.
Accordingly, the appealed order is reversed and this cause is remanded with directions to quash the service of process on Simeanidis.
REVERSED AND REMANDED.
BOOTH and WOLF, JJ., concur.

. Formerly § 47.17, Fla.Stat.