**Richard Lee WOODBURY, Plaintiff,**

v.

**SEARS, ROEBUCK & CO., Defendant.**

**No. 90–807–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 30, 1993.

Kennan George Dandar, Dandar & Dandar, P.A., Tampa, FL, for plaintiff.

Mark A. Hanley, Gregory Alan Hearing, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

1. Plaintiff's motion for clerk to enter an affidavit of amount due upon application for default judgment, filed Oct. 20, 1992. (Dkt. 20)

2. Plaintiff's motion to expedite amount due upon application to clerk for default judgment, filed Nov. 4, 1992. (Dkt. 21)

3. Plaintiff's motion for writ of assistance in obtaining possession of land, bank accounts and tenements in accordance with court's judgment, filed Dec. 28, 1992. (Dkt. 23)

4. Plaintiff's motion for answers to previously filed motions, filed Jan. 21, 1993. (Dkt. 24)

5. Plaintiff's motion for claims for default, filed Feb. 11, 1993. (Dkt. 26–1)

6. Plaintiff's motion for relief in action for libel and prayer for special damages, filed Feb. 11, 1993. (Dkt. 26–2)

7. Plaintiff's motion for appointment of counsel, filed Mar. 15, 1993. (Dkt. 27)

8. Plaintiff's motion for default judgment against Sears, Roebuck & Co., filed July 29, 1993. (Dkt. 29)

9. Defendant's motion to quash service of process, filed Sept. 21, 1993. (Dkt. 32)

10. Defendant's motion to set aside default entered by clerk on Sept. 30, 1992, filed Sept. 21, 1993. (Dkt. 34)

11. Plaintiff's response in opposition to Defendant's motion to quash service and motion to set aside default, filed Oct. 14, 1993.

12. Defendant's motion to dismiss plaintiff's complaint, filed Sept. 21, 1993. (Dkt. 36)

13. Defendant's motion to dismiss Plaintiff's first amended complaint or for more definite statement, filed Sept. 21, 1993. (Dkt. 37)

14. Defendant's motion for continuance of evidentiary hearing set for Sept. 27, 1993, filed

## I. PROCEDURAL BACKGROUND

On June 28, 1990, Plaintiff, Richard Lee Woodbury, filed a *pro se* Complaint alleging that the Defendant, Sears, Roebuck & Company, violated his civil rights under Title VII by terminating his employment with Defendant Company as a result of racial discrimination. (Dkt. 1). On October 10, 1991, this Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Dkt. 6). In response to the Order, Plaintiff wrote this Court advising it that he had sent a summons to the Orange County Sheriff's Office for service of process. This summons was issued by the clerk on October 8, 1991 for Mr. B.J. Boozer, a regional manager with Defendant Company. The return of service, which was filed October 25, 1991, states that process was served on October 16, 1991. (Dkt. 7).

On November 12, 1991 this Court issued an Order directing Plaintiff to perfect service by filing proof of service within twenty days from the date of the Order or the case would be dismissed for failure to prosecute. (Dkt. 8). This Court issued another Order explaining that Plaintiff had attempted to serve Defendant by service on a regional operations manager (Mr. B.J. Boozer) and that Plaintiff must file a response to this order within ten days showing that he has obtained

service on the Registered Agent. (Dkt. 10). This Order, dated January 7, 1992, further stated that failure to respond will result in the dismissal of this case. In response to this Order, Plaintiff alleges that Sears' customer service department advised him to send the summons and complaint to its Registered Agent, Mr. B.J. Boozer. (Dkt. 11).

On January 22, 1992, in an attempt to clarify matters, this Court again issued another Order asking Plaintiff to clarify the signature of J.H. Wimberley that appears on the service of process notice. (Dkt. 12). The Court wanted to know in what capacity service was accepted by J.H. Wimberley or what relationship this person had to B.J. Boozer. In his Response, Plaintiff states that J.H. Wimberley is the officer that served the summons and complaint. (Dkt. 13). Further, Plaintiff states that Doris Kelly (the name which appears under the heading "other service" on the notice of service) is the file maintenance leader for Sears. (Dkt. 13). Plaintiff also asserts that Mr. John T. Foley, a regional manager for Sears (apparently working in the same office with Mr. Boozer) mailed a certified letter to Plaintiff stating that his office had received Plaintiff's summons on October 16, 1991.[1] (Dkt. 13). Plaintiff, however, does not directly state that Mr. Boozer did receive service and appears not to know who actually received service at Defendant Company. From his response, it is clear that *pro se* Plaintiff believes that service was sufficient as long as someone at Defendant Company received the service, no matter who that person was. (Dkt. 13).

Finally, on February 28, 1992, the Court issued an order directing Defendant to show

---

1. Mr. John T. Foley's letter dated October 25, 1991, stated:

Dear Mr. Woodbury:
Your summons was delivered to this office on October 16, 1991. This letter is in response thereto.
In reviewing your letter and your file, the request you are making are identical to those you previously made to the Florida Commission on Human Relations on April 24, 1985.

The request made in the above summons should have been directed to the Tampa area office of the Equal Employment opportunity Commission, 700 Twiggs, 3rd Floor, Tampa,

Florida, 33602. You should refer to charge number 0285551010.
I note that on May 5, 1989, that office determined that your termination of employment was not a violation of the statute under Title VII of the Civil Rights Act of 1964, as amended.
I further noted you have the opportunity to request a review of that determination and you also had the right to file suit within the Federal District Court, a right that expired on September 13, 1989.
I trust this information will be of value to you.
 Very truly yours,
 John T. Foley
 Manager, Orlando HRC

cause within ten days why default should not be entered against it for failure to respond. (Dkt. 14). Defendant never responded to this order and contends that it did not respond because it did not receive this Order nor any of the other pleadings in this matter. On May 6, 1992, Plaintiff moved for an entry of default against Sears and the Court granted this motion on August 18, 1992. (Dkt. 16). The clerk entered default against Defendant on September 30, 1992 pursuant to Federal Rule of Civil Procedure 55(a).

Thereafter, *pro se* Plaintiff filed an affidavit (Dkt. 19) and several motions (*See* Dkts. 20, 21, 23, 26) regarding request for damages pursuant to the default. Subsequently, *pro se* Plaintiff obtained legal counsel and filed a motion for entry of default judgment against Defendant on July 29, 1993. (Dkt. 29).

Upon Court Order dated August 4, 1993, this Court referred this matter to the United States Magistrate to conduct a Rule 55(b)(2) hearing to determine the amount of damages, and for a report and recommendation. (Dkt. 30). On September 7, 1993 the Magistrate issued a Notice of Hearing for the 55(b)(2) hearing. (Dkt. 31). Defendant alleges that it first received notice of the lawsuit and the hearing after the Court issued this Notice of Hearing. Defendant maintains that upon this notice of the pending lawsuit, it immediately obtained counsel to represent it in this matter. Defendant thereafter filed a motion to quash service of process (Dkt. 32); a motion to set aside default entered by clerk on 9/22/93 (Dkt. 34); a motion to dismiss Plaintiff's complaint (Dkt. 37); and a motion to dismiss Plaintiff's first amended complaint, or for a more definite statement (Dkt. 37). Plaintiff has filed a motion for extension of time in which to file a response to Defendant's motions. (Dkt. 42). The Court granted that motion allowing Plaintiff until October 15, 1993 to file such responses but as of the date of this Order Plaintiff has not filed such responses. (Dkts. 43).

## II. *DISCUSSION*

### A. *Motion to Quash Service of Process*

In support of its motion to quash Plaintiff's service of process, Defendant asserts the following arguments:

1. Plaintiff has failed to meet his burden of proof with respect to showing that anyone from Sears was ever served with process. There is no signature on the return of service of process signifying that any employee of Sears ever received service. There is merely a notation on the notice of service which seems to suggest that service of process was left at Sears with Doris Kelly. However, Ms. Kelly in her affidavit states that if she was served with such process she believes that she would have signed her name to such a document to indicate that she had received service of process.

Furthermore, there is no affidavit by the officer serving process (as required by Federal Rule of Civil Procedure 4(g)) or notation on the return indicating how service was attempted. Thus, there is a lack of credible evidence to prove that service of process was perfected upon anyone of Defendant's employees.

2. If process was served upon Doris Kelly it was not in accordance with federal or state law. Plaintiff did not perfect service of process under Federal Rule of Civil Procedure 4(d)(3) or Florida Statutes §§ 48.091 and 48.081 which provide for service of process on a corporation.

In opposition to Defendant's motion to quash Plaintiff argues:

1. Defendant was effectively served through Ms. Doris Kelly. Federal Rule of Civil Procedure 4(d)(3) does not necessarily require that the highest ranking officer of a corporation be served in order for service of process to be sufficient. Service is sufficient if the act gives notice to the Defendant that an action is being commenced against him. Furthermore, Defendant has received sufficient notice as evidenced by a letter mailed to Plaintiff from Defendant Corporation's manager, Mr. John T. Foley, acknowledging the receipt of the summons and complaint.

2. By failing to file a timely responsive pleading after proper service of process, Defendant has waived his right to object to

lack of proper service. Even if service was not proper, Defendant has failed to timely move to quash service given that he has submitted himself to the jurisdiction of the Court by making an appearance by way of Mr. Foley's letter. Also, Defendant has failed to respond to the Court's Order to show cause why the clerk should not enter default against Defendant.

Service on a corporation may be made in the manner of service provided under Federal Rule of Civil Procedure 4(d)(3). Rule 4(d)(3) provides that service of process shall be made upon a domestic or foreign corporation by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, if the agent is one authorized by statute to receive service and the statute so requires.

Fed.R.Civ.P. 4(d)(3). Service on a corporation may also be made under local state law as provided for under Rule 4(c)(C)(i). Rule 4(c)(2)(C)(i) states that:

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—
>
> > (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the court of general jurisdiction of the State.

Fed.R.Civ.P. 4(c)(2)(C)(i). In reading these two provisions together, service of process on a defendant corporation can either be executed in accordance with Federal Rule of Civil Procedure 4(d)(3) or by following the state law in which the district court is located. In this case, the controlling Florida law as to service of process on a corporation are Florida Statutes § 48.091 and § 48.081. Section 48.091 deals with service of process upon a corporation's registered agent. Section 48.081, provides for service of process upon a corporation according to a hierarchy of officers or agents that service must be made upon. Section 48.081 provides:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> > (a) On the president or vice-president, or other head of the corporation; and in his absence:
> >
> > (b) On the cashier, treasurer, secretary or general manager; and in the absence of all the above:
> >
> > (c) On any director; and in the absence of all the above:
> >
> > (d) On any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state service may be made on any agent transacting business for it in this state.
>
> (3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091.
>
> (4) this section does not apply to service of process on insurance companies.
>
> (5) Where a corporation has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent, resident in the state, may personally be made, pursuant to this section, and it is not necessary in such cases, that the action, suit or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

Given that the aforementioned statutes apply in this case, we must now determine who in Defendant Company received service of process. There has been no persuasive evidence showing that the party named on the summons, Mr. B.J. Boozer, was served. To the contrary, Plaintiff maintains that Defendant's employee Doris Kelly was served. (Dkt. 44). The Court believes that Plaintiff has drawn this conclusion from the fact that under the caption "other service" on the notice of service the name of Doris Kelly appears. (Dkt. 7). In her affidavit, Doris Kelly does not affirmatively state whether or not she actually received service, but states that she would have signed her signature if served with process. (Aff. of Doris Kelly).

This statement suggesting that since Ms. Kelly's signature was not on the return, it was then unlikely that she was actually served. Also problematic is the fact that the process server did not make an affidavit or notation on the return explaining how or on whom service was effected.

■ Nevertheless, this Court is inclined to believe that Defendant did receive the summons as evidenced by the certified letter mailed to Plaintiff by Defendant's manager, Mr. John T. Foley, stating among other things: "Your summons was delivered to this office on October 16, 1991. This letter is in response thereto." This letter merely indicates that Defendant received actual notice of the action. However, if the prescribed statutory method is not followed, the fact that the individual Defendant actually received notice does not necessarily make the service valid. As Defendant has pointed out, "Florida courts have uniformly held that statutes dealing with service of process are to be strictly construed and valid service of process on a domestic corporation may be made only by complying with the statute." *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So.2d 652 (Fla. 4th DCA 1985).

■ Assuming that Doris Kelly received service of process as Plaintiff contends, although it is not altogether clear that she actually did, such service was insufficient under the applicable Federal or Florida statutory requirements. It is clear, based on the record and the affidavit of Doris Kelly, that she is neither an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process. Thus, Ms. Kelly does not fall within the requisite class of persons to be served in order to effect service upon a corporation under Rule 4(d)(3).

■ Service of Process was not properly perfected under Florida Statutes § 48.081. As stated in her affidavit, Ms. Kelly is not a president, vice president, general manager, cashier, treasurer, secretary, director, business agent, or any other officer or manager in Defendant Company as those terms are used within the statute. "Strict compliance with § 48.081 requires that a return which shows service upon an inferior officer or agent must demonstrate that all members of a superior class could not first be served." *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So.2d 423, 425 (Fla. 2d DCA 1980). As Defendant points out, Plaintiff has not adequately shown that there had been an attempt to serve any of the superior classes of officers or agents of Defendant Company in accordance with the hierarchy as set out in § 48.081. Furthermore, this Court believes that Doris Kelly, as a clerical staff employee, would not be considered an inferior officer or business agent of the company as the term is used in the statute. *Southern Mail Transp. v. Amoco Oil Co.*, 402 So.2d 522, 529 (Fla. 1st DCA 1981). Thus, Ms. Kelly would not be included in the next tier of person to be served even if it was shown that members of a superior class were unavailable.

It appears that Plaintiff initially attempted to serve Mr. B.J. Boozer upon the mistaken belief that Mr. Boozer was the registered agent of Sears when in fact Defendant has shown that C.T. Corporation Systems is Defendant's registered agent. Again, there is no evidence in the record which suggests Plaintiff attempted to serve C.T. Corporation Systems; thus Plaintiff has not perfected serves of process under Florida Statutes § 48.09.

■ In its memorandum of law in opposition to Defendant's motion to quash service of process, Plaintiff cites cases which intimate that persons such as a receptionist or bookkeeper may accept service, although not an officer or authorized to accept process. However, such cases are clearly distinguishable. For example, Plaintiff cites *Koninklijke Luchtvaart Maatschappij N.V. v. Curtiss–Wright Corp.*, 17 F.R.D. 49, 51 (S.D.N.Y. 1995), where the court held that service upon a receptionist was sufficient where the receptionist merely delivered the summons and complaint to the officer of the Defendant to be served while the U.S. Marshal waited in the office. In *Curtiss–Wright*, the Marshal waited for the receptionist to return and affirm that she had delivered the papers to the corporate officer before leaving.

In the instant case, assuming for argument's sake that Plaintiff was attempting to

serve Mr. Boozer in his capacity as regional manager under Federal Rule of Civil Procedure 4(d)(3), service was never perfected given that the record indicates that Mr. Boozer never received service of process. There is nothing in the record indicating that Ms. Kelly functioned as a receptionist or secretary for Mr. Boozer, other than the fact that they worked in the same office. More importantly, there is no affidavit or notation on the return made by the process server stating that Ms. Kelly did deliver the summons and complaint to Mr. Boozer while the process server was in the Defendant's office. Further, there is also no evidence that Ms. Kelly promised to re-deliver or "pass on" the summons and complaint to Mr. Boozer upon his return. Therefore, there is insufficient evidence in order to find that the instant case falls under an exception to the strict statutory requirements for service based on a "re-delivery theory." *See Seward & Kissel v. Smith Wilson Co., Inc.*, 814 F.Supp. 370 (S.D.N.Y.1993).

Another case that Plaintiff cites which is clearly distinguishable from the instant case, is *Van Hoven Co. v. Stans*, 319 F.Supp. 180 (D.Minn.1970). In *Van Hoven*, the court permitted service of process on a bookkeeper that was neither an officer or authorized to accept service, but who represented to the U.S. Deputy Marshal serving the process that he was the office manager. Further, the bookkeeper appeared to the Deputy to be the person in charge of the company's headquarters in the absence of company officers. This was reflected in the Deputy's affidavit. Moreover, the court found that the Deputy diligently sought to locate and serve an officer of the company first before serving the bookkeeper. *Id.* at 182.

In the instant case, there is no evidence in the record establishing that Ms. Kelly made any type of representation to the process server which would have led him to believe that it was appropriate to serve process on Ms. Kelly as in *Van Hoven*.

■ Based on the record and evidence presented, this Court finds that even if Plaintiff served Doris Kelly, a clerical employee of Defendant, Plaintiff failed to properly perfect service of process on Defendant Corporation

in accordance with Federal Rule of Civil Procedure 4(d)(3) or Florida Statutes §§ 48.-081 and 48.091. Absent strict compliance with statutory requirements for service of process on a domestic corporation, this Court lacks personal jurisdiction over the defendant corporation. *Sierra Holding*, 464 So.2d at 654.

Based on the aforesaid analysis, Defendant's Motion to Quash Service of Process is accordingly **GRANTED.** Given that *pro se* Plaintiff has now obtained counsel, the Court will permit Plaintiff ten (10) days from the date of this order to perfect service of process upon Defendant pursuant to either Federal Rule of Civil Procedure (4)(d) or Florida Statutes §§ 48.081 or 48.091. Failure to respond will result in dismissal of this case.

**B.** *Motion to Set Aside Entry of Default.*

■ Defendant moves this Court to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Rule 55(c) provides that "[for] good cause shown the court may set aside entry of default." It is within the discretion of the Court to set aside an entry of default. *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir.1984). Furthermore, "[J]udgments by default are not generally favored; hence, as a general proposition, any doubt should be resolved in favor of permitting a hearing on the merits." *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231, 233 (N.D.Ga.1975) (citing *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).

■ Before a court will set aside an entry of default it must find that (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. *Boron v. West Texas Exports, Inc.*, 680 F.Supp. 1532, 1536 (S.D.Fla.1988).

Defendant's reason for being in default and whether it acted promptly is inextricably tied to the issue of sufficient service of process. Defendant has demonstrated to this

Court that service of process as to this action was not sufficient, thus depriving them of adequate notice. Although Plaintiff maintains that Defendant did receive notice, by way of Mr. Foley's letter to Plaintiff acknowledging receipt of the summons, this is not persuasive evidence of adequate notice to appropriate officials in Defendant Company. This Court is therefore inclined to believe that Defendant's inaction in this case was due to its lack of notice and not the result of Defendant's inexcusable neglect or willfulness.

Additionally, Defendant has shown that it acted promptly upon hearing of this cause of action when it received this Court's notice of hearing regarding Plaintiff's motion for default judgment. The record establishes that the notice of hearing was filed September 7, 1993 and that Defendant subsequently filed its motion to quash service, motion to set aside default, answer and affirmative defenses as well as three other motions all on September 21, 1993. (*See* Dkts. 31–39). Defendant's response within fourteen days after allegedly receiving notice of the action on September 7, 1993 can reasonably be construed as a prompt and diligent response to the entry of default.

As to prejudicing Plaintiff, the Court does not believe that setting aside the default would result in any unfair prejudice to Plaintiff. If anything, setting aside the default would merely result in delay. Plaintiff has not indicated that he would be prejudiced by the entry of default being set aside. Further, Defendant has alleged a meritorious defense and the Court believes that Plaintiff will not be unduly prejudiced by proceeding on the merits.

■ In opposition to Defendant's 55(c) motion, Plaintiff argues that Mr. Foley's letter

to Plaintiff constituted an appearance under 55(b)(2) and thus Defendant has submitted himself to the jurisdiction of the Court. This argument is unavailing. Making a sufficient "appearance" under 55(b)(2) would merely entitle a party against whom a default judgment is sought to be "served with written notice of the application for judgment at least 3 days prior to the hearing on such application" Fed.R.Civ.P. 55(b)(2). Plaintiff cites case law which support this proposition. These cases espouse the policy that the drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend. The Court agrees with Defendant, that Plaintiff has confused the "appearance" requirement under Rule 55(b)(2) and a "general" appearance where a party submits his person to the jurisdiction of the court.[2]

Given that the Court has concluded that Defendant was not duly served process, the Court does not believe that Mr. Foley's letter constituted a general appearance under these facts such that the Court would have had jurisdiction over Defendant at the time of entry of default.

The Court having given due consideration to all the arguments presented by the parties, concludes that Defendant's Motion to Set Aside Entry of Default is hereby **GRANTED.**

C. *Plaintiff's Motion for Default Judgment.*

Plaintiff's motion for judgment by default pursuant to Federal Rules of Civil Procedure 55(b)(2) is hereby rendered **MOOT** by this Court granting Defendant's motion to set aside default judgment.

---

2. It appears that Plaintiff is attempting to make the argument, assuming service of process was sufficient, that Mr. Foley's letter constitutes a general appearance such that Defendant is deemed to have appeared before the Court to defend on the merits. Thus, it could be argued that Defendant had voluntarily consented or submitted to the court's personal jurisdiction over it. After making such an appearance Defendant would then be unable to attack the Court's personal jurisdiction over it on the grounds of defective service of process.

By submitting to the Court's jurisdiction, a party is deemed to have waived his right to object to the sufficiency of process. Such an argument might be used to oppose Defendant's claim that this Court could not enter a default judgment against Defendant because the Court lacks jurisdiction over it due to ineffective service of process. However, even if Plaintiff had been able to ineptly make such an argument, such an argument would have still been unavailing under the facts of this case.

### D. Defendant's Motion to Dismiss Plaintiff's Complaint.

Defendant moves this Court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6). Given that Rules 12(b)(2) (lack of jurisdiction over the person), 12(b)(4) (insufficiency of process), and 12(b)(5) (sufficiency of service of process) have been dealt with either directly or indirectly in this Court's Order on Motion to Quash Service of Process and Motion to Set Aside Default where Defendant has previously raised such issues, the Court does not believe it is necessary to address such issues again. The Court will address Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Defendant argues that Plaintiff has failed to allege a *prima facie* case of discrimination under Title VII, in that Plaintiff has failed to allege that he was a member of a protected class or that he was replaced by someone outside the protected class after he was terminated. Also Plaintiff has not set forth a short and plain statement of facts entitling him to any relief.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir.1971). Furthermore, in evaluating the sufficiency of a complaint under Rule 12(b)(6) motion to dismiss, the court is required to construe the complaint in the light most favorable to the Plaintiff and to take the allegations contained therein as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Also the Court should construe civil rights complaints "very liberal[ly] rather than technically." *Smith v. Olin Chemical Corp.*, 535 F.2d 862 (5th Cir.1976).

■ As to *pro se* complaints, the U.S. Supreme Court has held that such complaints are to be held to less stringent standards than a complaint drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such complaints, "however inartfully pleaded," may only be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiff can prove no set of facts in support of cause of action. *Id.* at 106, 97 S.Ct. at 292.

Applying this legal standard to the instant case, it does not appear beyond doubt that Plaintiff can prove no set of facts entitling him to relief.

■ Defendant also argues that Plaintiff's Title VII claim should be barred in that Plaintiff did not file his claim within ninety days after the EEOC gave notice that the claimant may bring a civil action against his employment pursuant to 42 U.C.S. § 2000e–5(f)(1). Defendant points out that Plaintiff stated in paragraph 9 of his Complaint that "[t]he EEOC issued a notice of right-to-sue letter, which I received on March 29, 1990." (Dkt. 1). Defendant asserts that since Plaintiff filed his complaint on June 28, 1990, he filed his complaint ninety-one days after receiving his right-to-sue letter, thus in non-compliance with the statutory requirements.

In support of its argument, Defendant cites *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196 (1984), where the U.S. Supreme Court found that a *pro se* litigant's filing of her actual right-to-sue letter with the district court did not satisfy the requirement that a complaint be filed within ninety days of the receipt of the right-to-sue letter. In *Brown*, the plaintiff did eventually file a complaint (in addition to having filed the right-to-sue letter) but did so 130 days after the receipt of the right-to-sue letter. *Id.*, 466 U.S. at 147, 104 S.Ct. at 1724. Furthermore, The Supreme Court stated: "The simple fact is that Brown was told three times what she must do to preserve her claim and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.*, 466 U.S. at 149, 104 S.Ct. at 1725.

This Court believes that *Brown* is distinguishable from the instant case in that *pro se* Plaintiff allegedly filed his complaint only one day outside the 90 day time limit, and there

is no evidence that *pro se* Plaintiff failed to act diligently in filing his cause of action unlike the plaintiff in *Brown.*

Accordingly, Defendant's motion to dismiss Plaintiff's complaint is **DENIED** in all respects.

E. *Motion to Dismiss Complaint or for More Definite Statement.*

 Defendant argues that Plaintiff's filing of a "Motion to the Court for Claims for Default and Relief in Action for Libel and Prayer for Special Damages" (Dkt. 26) constitutes an amended complaint. However, the Court is inclined to agree with Plaintiff's counsel that this document was merely a *pro se* litigant attempting to ask for damages and not an attempt to amend his original complaint with a libel or an intentional infliction of emotional distress claim.

To begin with, the term "libel" is used only in the caption of the motion and is not alleged anywhere else within the body of the motion. Further, the reference to intentional infliction of emotional distress occurs in the following paragraph:

> b. *Judgment against Defendant, Damages:* , in the sum of 2.5 millions [sic] ... and such other relief for RETALIATION for action I took as a consequence of termination/Discriminatory Acts/Humiliation/**Intentionac [sic] Infliction of Emotional Distress** Where fore [sic] Plaintiff Prays that the Court will order the DEFENDANT, FOR DEFAULT to accord priority to Plaintiff claim pursuant to 31 U.S.C. § 191 and make distribution of asset in possession sufficient to satisfy Plaintiff, claim in the total sum $17.5 million ... until paid; and, for such other relief to which Plaintiff may be entitled, including cost.

Dkt. 26 at 2 (emphasis added). Given the context and usage of the term intentional

infliction of emotional distress, the court is not convinced that it was Plaintiff's intent to add this as an additional cause of action to his Title VII claim.

Further, Plaintiff, after obtaining counsel has not indicated in any subsequent pleading that it is Plaintiff's intent to pursue a libel or an intentional infliction of emotional distress claim. In an abundance of caution, the Court will order that if Plaintiff is attempting to assert such claims then Plaintiff he hereby directed to submit a more definite statement pursuant to 12(e)[3] as to a libel claim or intentional infliction of emotional distress claim.[4] Otherwise, Defendant's motion is hereby DENIED in all other respects.

F. *Other Motions.*

The following motions are hereby rendered MOOT:

1. Plaintiff's motion for clerk to enter an affidavit of amount due upon application for default judgment, filed Oct. 20, 1992. (Dkt. 20)

2. Plaintiff's motion to expedite amount due upon application to clerk for default judgement, filed Nov. 4, 1992. (Dkt. 21)

3. Plaintiff's motion for writ of assistance in obtaining possession of land, bank accounts and tenements in accordance with court's judgment, filed Dec. 28, 1992. (Dkt. 23)

4. Plaintiff's motion for answers to previously filed motions, filed Jan. 21, 1993. (Dkt. 24)

5. Plaintiff's motion for claims for default, filed Feb. 11, 1993. (Dkt. 26–1)

6. Plaintiff's motion for relief in action for libel and prayer for special damages, filed Feb. 11, 1993. (Dkt. 26–2)

7. Plaintiff's motion for appointment of counsel, filed Mar. 15, 1993. (Dkt. 27)

---

**3.** Federal Rule of Civil Procedure 12(e) provides in part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

**4.** In the event that it becomes evident that it was Plaintiff's intent to assert a claim for libel and/or intentional infliction of emotional distress the Court will accordingly treat Plaintiff's "Motion to the Court for Claims for Default and for Relief in Action for Libel and Prayer for Special Damages" (Dkt. 26) as an amended complaint.

8. Defendant's motion for continuance of evidentiary hearing set for September 27, 1993, filed Sept. 21, 1993.

**IT IS SO ORDERED.**

**DONE AND ORDERED.**