824 So.2d 340 (2002)
INTERNATIONAL STEEL TRUSS COMPANY, a dissolved Florida corporation, Appellant,
v.
The ARTEC GROUP, INC., a Florida corporation, Appellee.
No. 2D01-4316.
District Court of Appeal of Florida, Second District.
August 30, 2002.
*341 Carol L. Castleberry of Fowler White Boggs Banker, Tampa, for Appellant.
Marcus A. Castillo of Haas & Castillo, P.A., Clearwater, for Appellee.
NORTHCUTT, Judge.
The circuit court denied the motion of International Steel Truss Company to quash process. We reverse because service of process on International Steel's former employee failed to satisfy the requirements of section 48.081, Florida Statutes (2001).
The Artec Group, Inc. filed suit against International Steel in 2000, alleging that on September 30, 1998, the parties had entered into a subcontract under which International Steel had supplied and installed steel trusses, decking, and supports in a construction project. The complaint alleged that the truss structure failed in February 1999. On April 27, 1999, International Steel voluntarily dissolved as a corporation.
Under section 48.101, service of process on corporations dissolved on or after July 1, 1990, is to be accomplished according to section 48.081, which governs service of process on corporations generally. The latter statute specifies a descending hierarchy of individuals upon whom process against a corporation may be served. § 48.081(1). At the bottom of the list, paragraph (1)(d) provides that in the absence of any person described in the preceding paragraphs service may be made on any officer or business agent residing in the state. As an alternative to the foregoing, *342 paragraph (3) permits service of process on the corporation's registered agent designated under section 48.091. Further, if the corporation has failed to comply with section 48.091, service may be made on any employee at the corporation's place of business. § 48.081(3).
After an extended, unsuccessful effort to locate International Steel's resident agent or anyone else upon whom service could be made pursuant to the statute, in June 2001 Artec served its complaint and summons on H. John Griffin, II, at a restaurant. Griffin, who in the fall of 1998 was employed by International Steel as an engineer, had signed its acceptance of Artec's September 11, 1998, purchase order for the work and materials that were later made the subject of the September 30 subcontract. Griffin signed the purchase order as "H. John Griffin II, PE," and his title was stated to be "Manager/Engineer." He did not sign the subcontract.
International Steel filed a motion to quash the service, contending that it was invalid because Griffin was not an employee at the time he was served and that he was not served at International Steel's place of business. In support of the motion, it filed an affidavit in which Griffin recounted that he had been employed by International Steel as an engineer for less than one year, that he had left the employment in the first quarter of 1999, and that he had never been an officer, director, shareholder, or registered agent of the corporation. After conducting a hearing and giving the matter careful consideration, the circuit court denied the motion to quash, accepting Artec's assertion that Griffin had acted as International Steel's business agent in its transaction with Artec.
We share the learned judge's sympathy for the plight of a plaintiff whose effort to seek compensation for its loss has been thwarted by its inability to serve process on the defendant. But statutes governing service of process must be strictly construed, and valid service on a corporation may only be effected by complying with them. York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999); Dade Erection Serv., Inc. v. Sims Crane Serv., Inc., 379 So.2d 423 (Fla. 2d DCA 1980).
Service on Griffin as International Steel's business agent under section 48.081(1)(d) was ineffective for two reasons. First, as Justice Terrell wrote when interpreting a materially similar provision in 1951, "[a] business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. Its duties must be closely related to the duties of the officers of the corporation." Valdosta Milling Co. v. Garretson, 54 So.2d 196, 197 (Fla.1951) (referring to § 47.17(4), Fla. Stat. (1941)). See also Southeastern Mail Transp., Inc. v. Amoco Oil Co., 402 So.2d 522, 524 (Fla. 1st DCA 1981); Dade Erection Serv., 379 So.2d at 425. The fact that Griffin signed Artec's purchase order for International Steel did not make him International Steel's business agent.
Second, even if it could be said that Griffin was his employer's business agent when he signed the purchase order in September 1998, it is undisputed that he was not the corporation's business agent when he was served in June 2001. By then it had been over two years since he had left his employment with the company. Service on a corporation may be accomplished by serving a person listed in section 48.081(1) only if the person legally fills the position described at the time of such service. See ARW Exploration Corp. v. Kartsonis, 576 So.2d 1369, 1370 (Fla. 1st *343 DCA 1991) (holding jurisdiction over corporation was not obtained by serving person who had resigned as corporation's vice president and left his employment with it prior to service); Sunrise Beach, Inc. v. Phillips, 181 So.2d 169, 170 (Fla. 2d DCA 1965) (same).
Neither was service on Griffin effective under section 48.081(3), again for two reasons. The first is that, as we have mentioned, he was no longer International Steel's employee when he was served. Second, whereas the statute requires service to be made at the corporation's place of business, Griffin was served at a restaurant.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.