MARX, KRISTA, Associate Judge.
The Mills Corporation, Inc. (“The Mills”) challenges the trial court’s denial of its motion to set aside default judgment and argues the judgment is void due to improper service. We agree and reverse. Our ruling on this issue renders moot all other issues raised in this appeal.
Maria and Frank Amato, based upon a trip and fall accident at the Broward Mall, filed this personal injury action. On the date of the incident in August, 2005, the Broward Mall was owned and operated by a company that was a subsidiary of The Mills.
*815 On May 4, 2007, Simon Property Group, Inc. (“Simon Group”) acquired The Mills and its subsidiaries, including the Broward Mall. On this same date, the CEO of The Mills was terminated from his position.
The Amatos filed their complaint on November 26, 2007 and attempted to effectuate service upon The Mills on January 5, 2008 by serving the former CEO at his home in Maryland. At that time, the former CEO no longer had any association with The Mills or Simon Group.
Records of the Florida Department of State, Division of Corporations, showed that on August 22, 2007, The Mills filed an “Application by Foreign Corporation for Withdrawal of Authority to Transact Business or Conduct Affairs in Florida.” That document provided, in pertinent part:
This corporation is no longer transacting business or conducting affairs within the State of Florida and hereby voluntarily surrenders its authority to transact business or conduct affairs in Florida.
This corporation revokes the authority of its registered agent in Florida to accept service on its behalf and appoints the Department of State as its agent for service of process based on a cause of action arising during the time it was authorized to transact business or conduct affairs in Florida.
The following is a current mailing address for the corporation:
225 W. Washington Street, P.O. Box 7033, Indianapolis, IN 46207-7033.
The principal address listed for The Mills was the same address as the corporate headquarters of Simon Group because at the time of the Amatos’ attempted service, Simon Group was the parent corporation of the Broward Mall.
The Mills failed to answer the complaint and the clerk of court entered a default. On September 22, 2008, after a jury trial in which The Mills did not participate, the trial court entered a default final judgment for damages. The Mills filed a motion to set aside default judgment, arguing that the judgment was void due to improper service. The trial court denied the motion. This appeal followed.
The standard of review for an order denying a motion to vacate a default judgment, where the motion is premised on the alleged insufficiency of service of process, is abuse of discretion. BoatFloat, LLC v. Cent. Transp. Int’l, Inc., 941 So.2d 1271, 1272 (Fla. 4th DCA 2006). In evaluating whether a trial court abused its discretion, the appellate court often finds it determinative whether or not the trial court applied the law correctly, and thus the issue is reviewed de novo. See Woodward v. Berkery, 714 So.2d 1027, 1031 (Fla. 4th DCA 1998).
We recently explained, in Vidal v. SunTrust Bank, 41 So.3d 401 (Fla. 4th DCA 2010):
[sjtrict compliance with the statutory provisions governing service of process is required in order to obtain jurisdiction over a party. See Schupak v. Sutton Hill Assocs., 710 So.2d 707, 708 (Fla. 4th DCA 1998); Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652, 654 (Fla. 4th DCA 1985); Baraban v. Sussman, 439 So.2d 1046, 1047 (Fla. 4th DCA 1983). This strict observance is required in order to assure that a defendant receives notice of the proceedings filed. See Electro Eng’g Products. Co., Inc. v. Lewis, 352 So.2d 862, 865 (Fla. 1977). As we noted in Haney v. Olin Corp., 245 So.2d 671, 672 (Fla. 4th DCA 1971), “The major purpose of the constitutional provision which guarantees ‘due process’ is to make certain that when a *816 person is sued he has notice of the suit and an opportunity to defend.”
41 So.3d at 402-03.
Although there was no evidence to support the contention that The Mills automatically became, a dissolved corporation upon its acquisition by Simon Group, it is apparent from the record that the parties and the trial court acted under the assumption that The Mills was a dissolved corporation at the time of service. Further, the corporate records filed with the Florida Division of Corporations gave sufficient notice to the Amatos that The Mills had withdrawn its authority to transact business in Florida, and had appointed the Secretary of State as its agent for service of process. Therefore, regardless of whether The Mills was a dissolved corporation on the date of attempted service, the proper method of service in this case is dictated by section 48.081, Fla. Stat. (2007).
Section 48.101, Florida Statutes (2007), titled “Service on dissolved corporation,” provides that process shall be served in accordance with Section 48.081, Florida Statutes (2007). Section 48.081, titled “Service on corporation,” provides, in pertinent part:
(1)Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the same state.
(2) If a foreign corporation has none of the foregoing officer or agents in this state, service may be made on any agent transacting business for it in this state.
(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s principal place of business or on any employee of the registered agent.
Section 48.081 does not authorize service on former presidents, officers, or directors, etc., of a dissolved or existing corporation. Florida courts have interpreted the above statute, according to its plain language, as authorizing service under subsections (1) and (2) only upon persons who were serving in such positions at the time of service. Int’l Steel Truss Co. v. Artec Grp., Inc., 824 So.2d 340, 342 (Fla. 2d DCA 2002). The Second District specifically explained:
[sjervice on a corporation may be accomplished by serving a person listed in section 48.081(1) only if the person legally fills the position described at the time of such service. See ARW Exploration Corp. v. Kartsonis, 576 So.2d 1369, 1370 (Fla. 1st DCA 1991) (holding jurisdiction over corporation was not obtained by serving person who had resigned as corporation’s vice president and left his employment with it prior to service); Sunrise Beach, Inc. v. Phillips, 181 So.2d 169, 170 (Fla. 2d DCA 1965) (same).
824 So.2d at 342—43.
The records filed with the Florida Department of State demonstrate that The Mills had merged into Simon Group at the time the suit was filed and service of the complaint was attempted. Service upon The Mills could have been perfected by serving the Secretary of State and then *817 mailing the suit papers to Simon Group’s corporate headquarters. Alternatively, the Amatos could have served individuals in described positions enumerated in the statute who were presently serving in that capacity for Simon Group. The purpose of service of process — to be certain that a person or entity being sued has notice of that suit and an opportunity to defend— was not accomplished by serving the former CEO who no longer had any affiliation with either The Mills or Simon Group.
In sum, the trial court did not properly acquire jurisdiction over The Mills in compliance with section 48.081. In this case, service upon the former CEO cannot be deemed, as a matter of law, as service upon The Mills. The trial court erred in not setting aside the final default judgment as void. We reverse and remand for proceedings consistent with this ruling.
DAMOORGIAN and GERBER, JJ., concur.